## *Luther Martin* vs. *Trobridge & Runnells.*

That in a suit on note, Endorsee vs. Maker, the defendant has the same right to file his declaration on book account in offset, on an account existing before notice of endorsement, as if sued by payee.

The sum recovered, and a tender to plaintiff, may be pleaded in the same plea in bar.

This was an action of *Assumpsit*, brought by the plaintiff as assignee of a note signed by the defendants, and payable to one *Samuel Foster*, or bearer, and by him indorsed to the plaintiff. Said note bears date Nov. 30th, 1824, and was made payable on the first day of January following, with interest, for the sum of one hundred and forty three dollars. The action was brought to the County Court, March term, 1825. The defendants appeared the first term, and pleaded as follows, to wit:

"And now, on the third day of said term, the said defendants " come into court, and show to this honorable court, that the above " named suit was brought upon a note originally made payable to " one *Samuel Foster*, or bearer, and by him indorsed to the plain- " tiff. And now the said defendants, agreeably to the statute in such " case made and provided, declare against the said *Samuel Fos-* " ter, in a plea that, to the said defendants, the said *Samuel* ren- "der the sum of $250, (and so proceeds in form of book account " action) which is to the damage of the said *Trobridge* and *Run-* " *nels*, as they say, three hundred dollars: to recover which, " with just cost, and have the same allowed against the plaintiff in " offset to said note, the said *Trobridge* and *Runnels* file their " declaration in court."

It appears by the records in the county court, that the defendants at the time of filing said declaration, procured a recognizance to prosecute the same, as the statute in such case requires. And judgment was given to account, and the said account submitted to auditors, who at a subsequent term, made their report of a balance due from said *Foster* on book; upon which judgment was rendered for the defendants to recover, as due from said *Foster*, the sum of $126 30.

After this, to wit, at the adjourned term of said county court in June, 1828, the said defendants filed their plea in bar to said ac-

Franklin, Jan. 1829. ⎱ tion of the plaintiff, setting forth all these
Martin vs. Trobridge et al. ⎰ proceedings and recovery in said declar-
ation on book, and making the necessary averments that the items
of the account were all due to the defendants before notice
of the assignment of said note, to wit, on ——— at, &c. and
also, in the same plea, averred a tender to the plaintiff before
the commencement of this action, of the sum of thirty-one dollars,
being more than the balance of said note, after deducting the said
sum so due from the said Samuel, and so recovered upon said de-
claration in offset, with all necessary averments upon this also; and
prayed that said judgment might be offset, and that the plaintiff be
barred. To this plea in bar, there was a general demurrer, and joinder
in demurrer, and judgment was rendered for the defendants in the
county court; and the case came up on exceptions to that decision.

*Argument for plaintiff in support of the demurrer.* 1. The
note in question was endorsed before it was due, and, by the En-
glish law, the endorsee received it on the credit of the maker.—
The statute of this state, respecting actions upon endorsed notes,
does not apply to a case of this kind, but only to cases where the
note is endorsed after it has become due.

2. But if the court should be of opinion that said statute does
embrace the present case, they should construe the act strictly—
as a liberal construction, such as is insisted on by the defendants,
would embarrass trade and commercial transactions, and afford
opportunities for fraud and connivance between the maker and
endorser.

3. If the items of the defendants' account against *Foster* are
of such a nature as could have been pleaded in offset, they ought
to have so pleaded; but, not having done so, and having
proceeded against *Foster* by a new action, they have waived the
offset and cannot now plead it.

4. If the account was not of such a nature as could properly be
pleaded in offset; or if, from the nature of the proof, they could
not have supported it by a plea in offset, then it does not come
within the provisions of the act respecting endorsed notes.

5. The averment in the plea that the several items of the de-
fendants' account, were due and owing before notice of the en-
dorsement of the note, cannot be properly tried or traversed in
this case.

6. The filing of a declaration on $\left.\right\}$ Franklin, Jan. 1829.
book in this case, does not come with- $\left.\right\}$ *Martin* vs. *Trobridge et al.*
in the 93d sec, of the Judiciary Act, as it is not against the
plaintiff in the original action.   It cannot be done by the act
relating to endorsed notes, for that act does not authorize any such
defence ; it is confined to a plea in offset, and does not allow of a
declaration.

*Argument for the defendant.*   1. It is contended by the defendants, that the statute, authorizing suits in the name of indorsees of promissory notes, secures to the signer all equitable defence.
—*Statute, p.* 144.

2. Had not the note been endorsed, the defendants would have
a right to offset their book account, and tender the balance due on
the note, as they attempt in this case.

3. The proper way to get at the equitable defence, and the only
one, was, for the defendants to tender to the plaintiffs the balance
(that is,) the amount of the note over and above the amount of their
account ; and then to file their declaration on book against *Samuel Foster*, the original payee of the note, prosecute that to judgment, and then to plead both the tender and the judgment in bar
to the first action.

HUTCHINSON, J. delivered the opinion of the court.   It is unnecessary to notice, in a separate view, the several objections urged in support of this demurrer.   They may all be comprised in a,
general view of the defence exhibited in the plea in bar.   The
great point of controversy is, whether the defendants, the makers
of the note, assigned to the plaintiff, can avail themselves of their
book account against *Foster*, the payee of the note, in defence
of this suit brought by the plaintiff as indorsee ?

If the note had never been negotiated, but the suit were in the
name of *Foster*, the payee, the right of these defendants to make
use of their book account, as a defence to the note, as far as it
should extend, and that in the circuitous manner they have now adopted, is rendered plain by the statute.   The Legislature seem
to have thought it very unjust, that any man should recover, and,
collect of his neighbor, any more than the just balance, after an
adjustment of all their concerns that sound in contract.

In the judiciary act of 1797, section 92d. provision is made that

Franklin Jan. 1829.

Martin vs. Trobridge et al.

to any action brought upon bond, bill, note, or other contract, the defendant, after pleading the general issue, or confessing the cause of action, may plead an offset of any sum or sums due to him from the plaintiff as aforesaid: that is, due to him on bond, bill, note or other contract. Such has been the construction, and the correct one too. But the Legislature recollected that the defendant might have a just demand against the plaintiff, on book, which by its unliquidated character, could not be pleaded as a direct offset, and might need to be supported by the oath of the parties, and of course, ought to be submitted to auditors. For this they have created an express provision, in the 93d section of the statute, being the same provision of which the defendants have now attempted to avail themselves. At some period, a decision was made, limiting said 92d section to the pleading in offset of such demands only as were liquidated by the contract of the parties. In consequence of this, a statute of 1818 *(see sec.* 1, *p.* 109 *Com. L.)* enacts, that the said 92d. section shall be extended to all actions and pleas, founded on contract, whether the demand be for a sum liquidated, or subject to estimation.

The statute regulating actions before justices of the peace, *(sec.* 12, *p.* 127,*)* enacts, that to any such action, the defendant may plead in offset any sum due to him from the plaintiff, on bond, bill, note, book, or other contract. The plaintiff, likewise, may reply similar demands in offset to those of the defendant; and the justice shall find the sum due and in arrear from either party. And by the 16th section, when the trial is by jury, they, in like manner, find the balance. A statute of 1811, *(see page* 104,*)* enacts that whenever any civil action shall be appealed from a justice of the peace to the county court, the defendant may plead in offset any sum due by bond, bill, note, book or other contract, in like manner as if the action had been originally commenced before the county court; and all those statutes allow the plaintiff, in the county court, to reply an offset to the defendant's offset. The only restriction that remains to mutual offets, upon a connected view of all these statutes, is, that the demands pleaded or replied in offset, must be upon contract, of some sort, and must be due and payable before the commencement of the plaintiff's action.

If, then, the present suit had been $\left\{\begin{array}{l}\text{Franklin, Jan. 1829.}\\\text{\textit{Martin} vs. \textit{Trobridge et al.}}\end{array}\right.$ commenced in the name of *Foster*, the original payee, the defendants would have an undoubted right to come in with their demand in offset, either directly, as an unliquidated demand, under the statute of 1818, or indirectly, under the 93d section of the act of 1797, in the form of a declaration on book against said *Foster :* and in either case, *Foster* might come in with his demands, if any he had, and the whole be settled at once. We may suppose any other case of actions on contract, originally brought before either court. And there is no want of provision, in these several statutes, to enforce the offsets by plea. And even where there are mutual judgments in the same court, the same statutes provide that these be offset, on motion of either party, and execution issue for the balance only : and for aught that appears, this extends as well to judgments for torts as those upon contracts.

We will now, for a moment, examine the rights of the defendants to defend with offsets this suit in favor of *Martin* as assignee of *Foster.* The statute of 1798, (*stat. p.* 144,) declares in the 1st section, what was considered law in this state before : " That the endorsee or endorsees of any bill or promissory note, for the payment of money to any person or persons, his or their order, or to the bearer, may maintain an action thereon in his, her, or their own name or names for the recovery of the money." Then follows a proviso, which, probably, comprises the chief object of the statute. It is as follows, to wit : "Provided always, that, in all such actions, it shall be lawful for the defendant or defendants to plead in offset all demands proper to be pleaded in offset, which the defendant or defendants may have against the original payee or payees, before notice of such endorsement, against the endorsee or endorsees ; and may also plead or give in evidence, on trial of any such action, any matter or thing which would equitably discharge the defendant or defendants in an action brought in the name of the original payee or payees."

It is difficult to conceive what language could have been adopted by the legislature, conveying more explicitly than they have done, the right of the defendants to have their offsets allowed in some form or other.

NNN

We may oppose to this the difficulty of framing pleadings so as to give effect to this statute, the absurdity of an offset against a plaintiff, who is not a party to the subject matter of it, the difficulty of ascertaining the balance between the defendants and *Foster*, the payee, without bringing him into court as a party; and no provision is made in terms for that. Such, and perhaps other difficulties, may be urged; but still the legislature tell us, in language that cannot be misunderstood, that the defendants shall have this right: that they may plead in offset against the plaintiff, whatever they might have pleaded against the payee, *Foster;* and may plead, or give in evidence whatever would form an equitable defence, if *Foster* had sued the note in his own name. We must not, we cannot, deprive the defendants of this right. We must not suffer the difficulty of presenting, or meeting their defence, to exclude it altogether. If the statute has given rights unknown to the law before, we can expect no forms exactly suited to the presentation of those rights for adjudication. Yet, so far as we can find a course prescribed in practice, prudence dictates that we preserve that course, as far as it leads, and observe some analogy of legal principles for the remainder of the forms of proceeding.

Now a practice of thirty years has marked the course of proceeding as between the payee and maker of the note, and rendered it as familiar in our courts of justice as any mere collection suits. In actions before a magistrate, if offsets are pleaded, whether book accounts or other matters, the court or jury find the sum due and in arrear from either party, and for that judgment is rendered. In the county courts, counts on book go to auditors, to ascertain the balance. In the mean time, the action on note rests; and when the sum due on all the offsets is ascertained, the party in whose favor it is, recovers the same, whether it be plaintiff or defendant.

In the present case, and, in pursuing the same course as far as the parallel runs, the defendants have correctly filed, as against the plaintiff, *Martin*, to operate as payment of the note in question, a declaration on book, describing it correctly as a book account against *Foster*, the payee. Now, while the defendants have this right to file such a declaration to operate against the

plaintiff ultimately, the plaintiff neces-   $\left\{\begin{array}{l}\text{Franklin Jan. 1829.}\end{array}\right.$
sarily has the right to appear and   *Martin* vs. *Trobridge et al.*
answer to, and defend against, the same, in the name of *Fos-*
*ter.* And if *Foster* is about to support any account he may have
against the defendants, that may be brought in to diminish the sum
the defendants would recover on their book account, or, the plain-
tiff might make any defence, which he can support by evidence,
against this declaration on book, in order to defeat it in whole or
in part. In the sequel, there are two circumstances in which the
parallel fails. 1. If *Foster* does not come in with his account,
and have a hearing upon that and the defendants' account, he can
never be bound by the accounting. 2. Whatever sum the de-
fendants may recover on their declaration, or other offsets against
*Foster*, they can recover no balance against the plaintiff. All the
use they can make of their offsets is, to defeat the plaintiff's action.
Hence the various demands of the defendants against *Foster*,which
should be presented in the technical forms as offsets, if pleaded
to an action brought in his name upon this note, should be pleaded
in the form of a plea in bar, as against the plaintiff. That is,
they should be pleaded according to their legal effect : and their
utmost effect is to bar the plaintiff in whole, or in part. If the sev-
eral matters contained in the plea in bar are pleaded, each to a
part of the declaration, and, taken together, cover the whole, it is
not liable to the objection of duplicity in pleading. And the plain-
tiff may reply to each, with the same formality as he would to so
many counts in a regular plea in form of offset, and not of plea in
bar. Thus, he may say, that he ought not to be barred, because
the said *Foster* did not promise as set forth in the first count in off-
set in said plea named, and pray inquiry by the country ; and he
further says, that there is no record of said judgment described in
said plea in bar, and prays inquiry by inspection of the record :
and he further says,that the defendants did not tender to the plain-
tiff the sum of ——, as set forth in said plea in bar, and prays in-
quiry by the country. These issues being joined, the matter of
record should first be decided by the court, that they may know
whether to direct the jury to include the amount of the judg-
ment ; then the jury may find that the plaintiff ought to be barred,

Franklin, Jan. 1829.

Martin vs. Trobridge et al.

because said *Foster* did promise as alleged in said first count, and the said defendants did tender the said sum of ——, as set forth in said plea.—— So when the defendant does not succeed in proving enough of his allegations to bar the plaintiff, and yet supports a part of them, the jury may find that the plaintiff ought not to be wholly barred, because they say, that the said defendant did not tender the said sum of —— to the plaintiff, as set forth in said plea, but that said *Foster* did assume and promise as set forth in said first count in offset, &c. &c. and find due and in arrear to the plaintiff, the sum of ——. This method of pleading may be adopted, and so varied, as to secure to both parties all the rights given them in the several statutes above referred to. This, also, is analogous to the forms in the *second vol. of Chitty's Pleadings*, 480 and 481.

In comparing the defendants' plea, in this case, with the foregoing principles, we find it not altogether formal : some facts are alleged with an unnecessary circumlocution, but yet are substantially averred. The plea, instead of saying, as in *Chitty*, that as to such a sum, a part of the plaintiff's claim, he pleads so and so, and, as to the rest, a tender, they allege that such a sum was due on book, and the difference between that sum and the plaintiff's claim is less than thirty-dollars ; then pleads a tender of thirty-one dollars for that, and brings the same into court ; and then proceeds to state the proceedings to liquidate the sum due on book, and claims that the same be offset, and concludes, urging his bar. This is sufficient on a general demurrer. In a case decided at *Burlington*, on the present circuit, brought before a justice, by the endorsee of a note against the maker, and a book account pleaded directly in offset, we sanctioned that mode of pleading. The question is now presented, as commenced in the county court, and to such a case, the present plea is adapted.

We have nothing to do with the policy of these statutes, or whether they are calculated to encourage frauds, as objected in argument. The Legislature have settled that question by their several statutes on the subject. While those statutes are in force, the endorsee must take the note subject to the rights of the mak-

er against the payee, and rely upon his security upon the endorsement. The judgment of the court is that the plea in bar is sufficient, and the judgment of the county court is affirmed.

Franklin, Jan. 1829.

*Martin* vs. *Trobridge et al.*

*Aldis* and *Davis*, for plaintiff.

*Royce* and *Hunt*, for defendant.