## CHESTER W. BLOSS *vs.* JOSEPH W. KITTRIDGE.

The statute of 1811, allowing a review in certain appealed causes, is not repealed by the statute of 1826, which purports to take away the right of review in appealed causes.

The defendant's filing in offset, in an appealed action, matters of which the county court might take original jurisdiction, renders the action open to a review in the county court.

This was an action, brought before a justice of the peace, in which the defendant recovered judgement, without filing any plea in offset. The action was brought upon a note of about seventy-seven dollars, made payable to one John Beckwith or order, and by him indorsed to the plaintiff. The cause was carried, by appeal, to the county court ; and the defendant there filed in offset sundry matters against said Beckwith, in four counts, of one hundred dollars each, some of them on the warranty of a horse. The defendant again recovered judgement in his favor ; and the plaintiff prayed for a review, which was not granted. He then filed exceptions to this decision, refusing the review, and brought up the cause to this Court for a hearing upon that question. Particulars in the detail of facts sufficiently appear in the arguments, and in the opinion of the Court.

*Argument in behalf of the plaintiff.*—1st. The defendant has pleaded four pleas in offset, of $100, 00 each, and, in the close, prays to have said sums set off against the plaintiff's claim. Any one of the several counts is over $100, as that sum was given for the horse, which was of no value, and soon after died ; and the demands were, therefore, not within the jurisdiction of a justice ; and were considered so by defendant's counsel, as those claims were not pleaded before the justice.

2nd. And, whether defendant could recover against *Bloss*, or against Beckwith, in this suit, is of no consequence. The defendant having filed the claims, it is not for him to say, that he claimed what the court could not give him.

3rd. The jury could have found the defendant's whole claim against Beckwith ; for, otherwise, the defendant would lose the difference between the note and his claim ; for it would not be competent for the jury to sever the claims. They should have found the whole amount against Beckwith, and offset against *Bloss* enough to meet his demand.

4th. Suppose those counts had been in suit before the county court ; would not that court have jurisdiction ? If the offset is

CALEDONIA,
*March,*
1832.

Bloss
*vs.*
Kittridge.

within the original jurisdiction of the county court, then the cause is reviewable.

*Argument on the part of the defendant.*—This is *assumpsit* upon a note, executed by defendant to John Beckwith, and endorsed to plaintiff. Plea,—1. *General issue.* 2. An offset, in several counts, against the payee of the note, counting upon a warranty of a horse, for which the note, declared upon, was given in part consideration; adding the common and general counts : to which the plaintiff pleaded the general issue. The horse died upon the fourth day after the warranty ; and the defendant claimed the value of the horse mentioned in his pleas in offset. The witnesses, called to prove the value of the horse, estimated him at less than $100, varying from $75, to $95. The jury returned a verdict for the defendant, being instructed by the court, that, though they should find the value of the horse exceeded the amount of the note, they could not return a balance as against the plaintiff, the endorsee of the note. The plaintiff moved for leave to review the case ; but the court refused the motion ; to which the plaintiff excepts. 1st. The statute, entitled " An act, allowing endorsees to maintain actions in their own names," allows the defendant the privilege to plead in offset all demands, proper to be pleaded in offset against the original payee, had the action been brought in his name.—*Stat. p.* 144. 2nd. The statute entitled, " An act, in addition to an act, entitled an act, constituting the Supreme Court of judicature and county courts, defining their powers and regulating judicial proceedings," allows, that, whenever any civil action shall be appealed from a justice of the peace to the county court, and the plaintiff is indebted to the defendant, the plaintiff may plead the same in offset in the same manner as if the action had originally been commenced in the county court, and had been within their jurisdiction. And, whenever the demand, so pleaded in offset, shall be within the original jurisdiction of the county court, either party shall be entitled to a review.—*Stat. p.* 104. The statute, entitled " An act, defining the powers of justice of the peace within this state," declares, that all civil causes, brought before the county court by appeal from justices' courts, shall, by said county courts, be heard and finally determined, without any appeal or review.—*Stat. p.* 125.

Of the right of the defendant to plead in offset to this action, there can be no question ; nor is there any exception to the charge of the court taken. The only point to be settled is, was

CALEDONIA,
*March,*
1832.

Bloss
*vs.*
Kittridge.

the plaintiff entitled to a review in consequence of the defendant's offset? The statute, defining the powers of a justice of the peace, would be conclusive upon the question, were it not for the statute, made in addition to an act, constituting the Supreme Court of judicature and county courts, and regulating judicial proceedings. If, by that statute, the plaintiff is entitled to a review, the court will grant a new trial.   But the plaintiff's case is neither within the letter, nor spirit, of that act, for two reasons :   1st. That act extends only to cases where the plaintiff is indebted to the defendant by bond, bill, note, &c., and not to cases, contemplated by the provisions of the act, allowing endorsees to maintain actions in their own names.   The offset here pleaded is against John Beckwith, the endorser of the note declared upon, not against *Chester W. Bloss*, the endorsee.   2nd.   It is not within the reason and spirit of the statute.   If the action had been brought in the name of the payee of the note, he would not be entitled to a review, unless the demand, pleaded in offset, was such as was within the original jurisdiction of the county court.   Though the defendant declares in several counts in offset, it is but one plea, and evidently upon but one cause of action ; to wit, the warranty of a horse. This is the only matter in dispute ; this is the demand in offset. The ascertained value of the horse is what gives, or takes away, jurisdiction ; not the mode of declaring.   The law permits the plaintiff to declare in different ways, so as to meet his testimony ; not for the purpose of enlarging or circumscribing the jurisdiction. If the court have not jurisdiction in *fact*, they cannot take it by *fiction.*   To ascertain the value of the horse in this particular case, recourse may be had, either to the opinion of the witnesses, who testified to that fact, or to the opinion of the jury.   The witnesses vary in their opinion from $75, to $95 ; no one exceeding $100.   If we have recourse to the verdict, the legal inference is, that the value of the horse was as much as the amount of the note and interest: the court are not at liberty to presume, that it was more.

In the case of *Wilson* vs. *Daniels*, the matter in dispute was ascertained by recuring to the foundation of the original controversy.   The rule then adopted was, when the law gives the rule of damages, the legal cause of action must be regarded.—2 *Dal. Rep.* 360, *n.* ( *1 Pet. Cond. Rep.* 188.)   In *Williamson* vs. *Kincaid, (*4 *Dal.* 20) the court permitted affidavits to be read, to ascertain the value of the property.   In *U. S.* vs. the *Brig Urian*, the Court heard testimony *viva voce. Tower* vs. *Haled,* 1 *Pet. Cond. Rep.* 188, *nts.*   In *Wise* and *Lynn* vs. the *Colum.*

CALEDONIA,
March,
1832.

Bloss
vs.
Kittridge.

*Turnpike Co.* the court decided, that, if the sum awarded be less than $100, the court have no jurisdiction, though a greater sum be claimed.   This case establishes the doctrine, that it is the amount of the verdict, which gives jurisdiction, and has since been followed.—*2 Pet. Cond. Rep.* 489.

HUTCHINSON, C. J., pronounced the opinion of the Court.— In deciding, whether the plaintiff was entitled to a review, as he claimed to be, it is necessary to compare various statutes upon the subject of reviews, and ascertain how they will stand together. Before the statute of 1811, which will be noticed in its order, the several statutes, then in force, contained the following provisions; to wit : offsets might be pleaded before a justice of the peace, of matters within his jurisdiction, and go up with the action to the county court, by appeal : or they might be newly pleaded before the county court, after the appeal was entered there.   But no off-set could be there pleaded, of any matter, which might not have been pleaded before the justice, as being within his jurisdiction. And no review could be had in the county court, of any cause, which came there by appeal.   But either party might once review any action originally commenced before the county court.   And the statute, which regulates the negotiability of notes, (see *page* 144,) provides, that the signer of any such note may plead in off-set, against the indorsee, all demands, proper to be pleaded in off-set, which he may have against the payee before he is notified of the indorsement.   At that period an action upon this note of $77, must have been brought before the county court ; it being then above the jurisdiction of a justice of the peace.   If so brought, and this offset filed, either party might have once reviewed the action.

The statute of 1811, (see *page* 104,) provides, that, in actions, appealed from a justice of the peace to the county court, if the plaintff is indebted to the defendant by bond, &c., the defendant may plead the same in offset to the plaintiff's demands, in the same manner, as if the action had been originally commenced in the county court, and had been within the jurisdiction of the same ; and, when the demand, so pleaded in offset, is such, as is within the original jurisdiction of the county court, either party has the same right to a review, which he would have had, if the suit had been originally commenced before the county court.   With all these statutes in force, the assignment of this note by Beckwith to *Bloss* could not take away the right of *Kittridge*, the signer of the note, to plead in offset any demands, against Beckwith, which

CALEDONIA,
March,
1832.

Bloss
vs.
Kittridge.

would be pleadable in offset if the suit were in the name of Beckwith ; nor take away his right of review, after a decision against him. And, by the several statutes, the right of review, if it exist at all, is mutual : the plaintiff might review as well as the defendant.

This leads us to consider, whether the defendant's pleas in offset are such, as would entitle either party to a review, under this statute of 1811, supposing this statute still in force. This must depend upon the amount claimed in these pleas. The defendant has alleged a breach of each promise in his several pleas, without adding the *ad damnum* in any technical form ; but, instead of it, has prayed that the said sums may be set off against said note according to the statute in such case provided. These four counts exhibit a claim of four hundred dollars ; that is, one hundred dollars in each count. We may conjecture, that his declaring for $100, for the unsoundness of one black gelding, and the same sum for the unsoundness of another black gelding, and a like sum for money had and received, and a like sum for money laid out and expended, are different ways of declaring, yet mean a recovery for the same thing ; yet nothing could prevent the defendant's recovering the whole amount of each count, with sufficint proof of their truth. Here, then, are put together into one declaration in offset, what would extend to the utmost bound of a justice's jurisdiction in four actions. Decisions have settled the law, that several small notes, amounting together to more than one hundred dollars, when joined in one declaration, give jurisdiction to the county court. Six notes of twenty dollars each may present such an action. This plea is, in form as well as substance, a plea in offset. As to its form, it *should* begin and end as a plea in bar ; and the reasons of the bar should be, that the payee of the note was and is indebted to the defendant, &c. See this point decided in the case of *Martin* vs. *Trowbridge* and *Runnells*, 1 *Vt. Rep.* 477. Without regarding the form, the substance of the plea is within the original jurisdiction of the county court ; and there is nothing now before us, showing any part of this plea to be fictitious ; and, if there were, the defendant must not be permitted to object to a review on that account. This would come with more propriety from the other party. This leads to the conclusion, that, if the statute of 1811, before noticed, is considered to be in force, this review ought to have been allowed.

If that statute has been repealed, it has been by virtue of the contrary provisions of the act of 1826 ; where it is provided, that no

CALEDONIA,
March,
1832.

Bloss
vs.
Kittridge.

review shall be allowed in any action, brought to the county court by appeal. This, it will be perceived, includes pauper cases and probate cases, as well as appeals from a justice of the peace. The statute of 1797, contained precisely the same provision, with regard to cases appealed from a justice of the peace : but the act of 1811, being of later origin, there was no interference, but the latter had its effect to govern the cases which came within it.

The question is now presented, whether the provisions of this statute of 1826 are contrary to those of the statute of 1811, or whether those may not be in full force to govern the particular cases not named in any other statute. There have been several decisions, which furnish analogous principles to aid our deliberations upon this point. The case of *Baker* vs. *Blodget*, reported by *Judge Aikens*, was an action brought before a justice of the peace upon a demand so small as not to be appealable. The defendant filed in offset a demand large enough to be appealable. He recovered a judgement against the plaintiff, who appealed to the county court. On the defendant's motion, the court dismissed the appeal. The plaintiff brought a writ of error, and this Court reversed the judgement. It was considered as having become a different action, by the addition of the offset ; or rather both together formed the action. Afterwards the parties referred this action, and all demands, to referees, whose report settled the merits of the controversy. This again was considered as making a new action, in reference to the taxation of costs in favor of the plaintiff, who was otherwise curtailed in his costs by his having appealed the action. When new matter is brought upon the record by a plea in offset, the action ceases to be the same action, that it was before.

The statute of 1826 refers to such actions, as can by law come to the county court by appeal. Such offsets as might be filed before the justice, whether they be filed there, or in the county court, do not render the action liable to a review in the county court. But those, which cannot come to the county court by appeal, in the shape they assume under the provisions of the act of 1811, when that shape is given them, cease to be governed by the act of 1826. In other words, an action brought to the county court by appeal, and having an offset filed there, which could not be filed, were it not for the act of 1811, is open to review by virtue of that act ; and its provisions are not repealed by the later provisions of the act of 1826. The two statutes are to be considered as referring to different subjects.

CALEDONIA,
March,
1832.

Bloss
vs.
Kittridge.

It is suggested in argument, by the defendant's counsel, that this offset should be considered as of no greater amount, than the plaintiff's demand, because no greater sum than that can be allowed in this action. It is true, let the offset be ever so large, when filed against the indorsee, its legal effect is only to bar the plaintiff's action. But that does not render the offset such as might have been pleaded before a justice of the peace, or such as could not have been originally cognizable before the county court. Upon this mode of reasoning, there could be no offset filed by virtue of the statute of 1811 ; for that statute requires the action to have come into court by appeal from a justice of the peace ; and, of course, must be considered as within the jurisdiction of such justice. It also requires the offset to be one, which could not have been filed before the justice—one out of his jurisdiction. The plain provisions of the statutes ought not to be thus evaded.

Upon the plaintiff's entering bail, before this Court, to prosecute his review before the county court, there may be entered a reversal of the judgement of the county court, and the grant of a review in the action.

*J. Mattocks, Cushman & Burbank,* for plaintiff.
*Fletcher, Shaw & Chandler,* for defendant.