Davis v. Neligh.

JEWELL A. DAVIS, PLAINTIFF IN ERROR, v. JOHN D. NELIGH, DEFENDANT IN ERROR.

1. **Promissory Note:** SET-OFF. Any set-off to a promissory note which would have been good between the original parties, may be pleaded against an indorsee who acquires it after maturity. He takes it subject to any right of set-off which the maker had against any prior holder.

2. ——: ——. T., the owner of a promissory note, had it drawn payable to K., or order. T. retained possession of the note until after it became due, and received from the maker thereof the full amount due thereon. Afterwards he delivered the note to K. It did not appear that K. paid any consideration whatever for the same. K. indorsed the note and delivered it to C. E. T., the wife of T,, who assigned the same for a valuable consideration to D. In an action on the note, *Held*, that the note was subject to the set-off from the maker of the note to T.

3. **Practice:** DEFECT IN VERDICT. Where a verdict is defective in form merely, the court may direct the jury to amend it, or it may be amended by the court, with the consent of the jury, before they are discharged.

4. **Interest How Computed.** Interest on a judgment or debt due, is computed up to the time of the first payment, and the payment so made is first applied to discharge the interest, and afterwards, if there is a surplus, it is applied upon the principal, and so *toties quoties*, taking care that the principal thus reduced shall not at any time be suffered to accumulate by the accruing interest.

ERROR to the district court for Dodge county. Tried below before VALENTINE, J. The facts appear in the opinion.

*Uriah Bruner*, for plaintiff in error.

Where set-off is allowed against a plaintiff, the indorsee of a note after maturity, for equities between antecedent parties, no set-off which arose after the transfer will be available against the indorsee. 2 Daniel on

Negotiable Instr., sec. 1,437.  *Davis v. Miller*, 14 Gratt., 8.

And the burden of proof of the date of the indorsement and of ownership is on the defendant.  2 Harrison, N. P. 1,255.  1 Greenlf. Ev., 78.  *Perkins v. Moon*, 7 C. & P., 408.  1 Daniel on Neg. Instr., 600, sec. 813. *Way v. Richardson*, 3 Gray, 412.  *Vallett v. Parker*, 6 Wend., 615.  *Holme v. Karsper*, 5 Binn., 469; *McCann v. Lewis*, 9 Cal., 246.  *Hall v. Allen*, 37 Ind., 541. *Horton v. Bayne*, 52 Mo., 531.  *Phillis Kirk v. Pluckwell*, 2 M. & S., 393.

The highest authorities in England, as well as in this country, hold that a negotiable note transferred after maturity is subject to the infirmities and equities attaching thereto in the hands of the antecedent parties, but only such as attach to *the note transaction itself.*  Story on P. N., 178, and foot notes.  Chitty on Bills (13 Am. Ed.) [*220] 251.  Story on Bills (Sharswood's Ed.) 529. *Robinson v. Lyman*, 10 Conn., 30.  2 Daniel Neg. Inst., 384–6, secs. 1,435–7.  *Campbell v. Rusch.*, 9 Iowa, 337. *Shipman v. Baumer*, 10 Id., 208.  *Lewis v. Denton*, 13 Id., 441.  *Davis v. Miller*, 14 Gratt., 8.  *Annon v. Houck*, 4 Gill, 332.  *Huyhs v. Large*, 2 Barr, 103.  *Epler v. Funk*, 8 Id., 468.  *Clay v. Coterell*, 6 Harr., 413. *Burrow v. Moss*, 10 B. & S., 558.  *Oulds v. Harrison*, 28 Eng. Law & Eq., 534.

A promissory note is a contract, the terms of which cannot be explained or varied by extrinsic testimony unless attacked for fraud.  No fraud is either alleged or attempted to be proved.  Nor is there any trust expressed in the note.  *Giles v. Comstock*, 4 N. Y., 270. *Graves v. Porter*, 11 Barb., 592.  *Babbett v. Young*, 51 N. Y., 238.

*Crawford & McLaughlin*, for defendant in error.

As no one is a *bona fide* holder who has notice of a defense against the paper, no one who takes it after dishonor is such *bona fide* holder, because the dishonor itself is notice to him that there is some defect or defense. Hence the rule that one who takes paper for value, after dishonor, is open to all equitable defenses. 1 Par. N. & B. 244, 275. The said Kryger being merely a nominal payee, or fictitious person, the note would pass by the indorsement of Thompson, and the name of L. Kryger could be written as well by Thompson as by Kryger himself. In either case, whether the assignment was made to Kryger by delivery from Thompson, or to the plaintiff by Thompson's indorsement, either and each of them would take the note without prejudice to any set-off or other defense which the maker, John D. Neligh, had against Thompson at any time before notice of the assignment. Gen. Stat., sec. 31, 106, code of civil procedure ; also sec. 4, chap. 32, Gen. Stat. *Follet, Adm'r v. Buyer*, 4 Ohio State, 586. *Hill v. Butler*, 6 Ohio State, 207. 1 Nash's Pleading and Practice, 220. 2 Parsons Notes and Bills, 605. *Spencer v. Morgan*, 5 Ind., 146. Civil Code, Neb., sec. 104.

MAXWELL, J.

This was an action brought in the district court of Cuming county, upon a promissory note, of which the following is a copy:

" $505.00.    Banking House of Bruner, Neligh & Kipp,
        "West Point, Neb., Nov. 7th, 1872.

" Two months after date, I promise to pay to Leonard Kryger, or order, five hundred and five dollars, for value received, negotiable and payable without defalcation or discount, at the banking house of Bruner, Neligh, and Kipp, at West Point, Nebraska, with interest at the rate of 12 per cent per annum from date.

            " (Signed)        JOHN D. NELIGH."

The note contained the following indorsements there-
on:

"Pay to E. C. Thompson.

"L. KRYGER.

"E. C. THOMPSON."

The defendant answered the petition of the plaintiff,
and alleged that the note was made payable to Leonard
Kryger, at the request of John B. Thompson, who paid
the consideration therefor; that Kryger never had any
interest in the note, but held the same in trust for
Thompson; that Kryger indorsed and delivered the note
to E. C. Thompson, wife of John B. Thompson, long
after the maturity thereof, and without consideration;
that at the commencement of the action, John B.
Thompson was indebted to the defendant in the sum of
$635.96, for money paid at his request, etc.

The plaintiff, in his reply, denied the facts set forth
in the answer.

On the trial of the cause, the defendant testified that
the consideration of the note was paid by J. B. Thomp-
son; that it was made payable to Kryger at Thompson's
request, as he did not want any one to know that he
held a note against the defendant; that in February,
1873, he saw the note in the hands of J. B. Thompson,
and that the note at that time had no indorsements
thereon. The defendant also testified that he had paid
to J. B. Thompson, at various times since the note be-
came due, the amount of set-off claimed in the answer,
and that the same was paid before he had any notice of
the assignment. This is not denied.

The only proof introduced by the plaintiff consisted
of the note in controversy, and the deposition of C. E.
Thompson, from which it appears that the note was
assigned to the plaintiff for a valuable consideration.

The plaintiff in error insists that the indorsee of an
overdue note takes it subject to such equities as attach

8

to it in itself, and only to such; and not to those equities arising out of collateral matters, nor to any set-off which is not good against his indorser.    This was undoubtedly the rule at common law.    *Chalmers v. Lanier*, 1 Camp., 383.    *Burrough v. Moss*, 10 B. & C., 558.    *Whitehead v. Walker*, 10 M. & W., 696.    *Crippe v. Davis*, 12 Id., 159.    *Oulds v. Harrison*, 10 Exch., 572.    *Stein v. Yglesius*, 1 C., M. and R., 565.    *Goodall .v. Ray*, 4 Dowl., 76.    *Hughes v. Large*, 2 Barr., 103.    *Wharton v. Hopkins*, 11 Ired., Law, 505.    *Renwick v. Williams*, 2 Md., 356.    *Tinsley v. Beall*, 2 Kelly, 134.    *McAlpin v. Wingard*, 2 Rich., 547.    *Gullet v. Hoy*, 15 Mo., 399. *Hankins v. Shoup*, 2 Ind., 342.    *Metcalf v. Pilcher*, 6 B. Monroe, 529.    *Haxtun v. Bishop*, 3 Wend., 13. *Bridge v. Johnson*, 5 Id., 342.    *Johnson v. Bridge*, 6 Cow., 693.    *Bank of Niagara v. McCracken*, 18. Johns., 493.    *Kennedy v. Manship*, 1 Ala., 43.    2 Parsons on Notes and Bills, 603.

But the rule has no application in this state.    Under the code, any set-off to a note, which would have been good between the original parties, may be pleaded against an indorsee who acquires it after maturity.    He takes it subject to any right of set-off which the maker had against any prior holder.    *Peabody v. Peters*, 5 Pick., 1. *Stockbridge v. Damon*, Id., 223.    *Sargent v. Southgate*, Id., 312.    *Braynard v. Fisher*, 6 Id., 355.    *Greer v. Burdett*, 9 Id., 265.    *Shirley v. Todd*, 9 Greenleaf, 83. *Baxter v. Little*, 6 Met., 7.    *Pelter v. Prout*, 3 Gray, 502.    *Bond v. Fitzpatrick*, 4 Id., 88.    *Martin v. Trobridge*, 1 Vt., 477.    *Savage v. Davis*, 7 Wend., 223. *Furniss v. Gilchrist*, 1 Sandf., 53.    *Hedges v. Seely*, 9 Barb., 214.    *McKenzie v. Hunt*, 32 Ala., 494.    2 Parsons on Notes and Bills, 604.    *Nixon v. English*, 3 McCord, 549.    *Perry v. Mayo*, 2 Bailey, 254.

The indorsee of a note overdue takes the legal title; but he takes it with notice on the face of the note that

it is discredited, and is therefore subject to all payments and offsets in the nature of payment. *Baxter v. Little*, 6 Metc., 7.

This is decisive of the case. While it is clearly shown that the note was taken in the name of Kryger, it also appears that Thompson gave the consideration therefor, and was the owner. It is also shown that the defendant paid Thompson the full amount due on the note after it became due, but before he had notice of the assignment to the plaintiff.

The jury returned the following verdict: "We the jury, duly impaneled and sworn in the above cause, do find no cause for action.

"(Signed.)        WILLIAM FROST, Foreman."

Whereupon the court instructed them as follows: "Gentlemen, you have evidently intended by your verdict to find for the defendant, if such is your intention, you will simply say: 'We find for the defendant,'" to which instruction the plaintiff excepted. We see no error in this. The verdict was defective in form only, and might, with the consent of the jury before they were discharged, have been corrected by the court.

The third instruction as to the mode of computing interest is clearly erroneous. The rule established by this court in *Mills v. Saunders*, 4 Neb., 193, we regard as correct, that interest on a judgment or debt due, is computed up to the time of the first payment, and the payment so made is first applied to discharge the interest, and afterwards, if there be a surplus, it is applied upon the principal, and so *toties quoties*—taking care that the principal thus reduced shall not at any time be suffered to accumulate by the accruing interest. But as the verdict was for the defendant, the error was without prejudice to the plaintiff.

The judgment of the district court is clearly right, and must be affirmed.

JUDGMENT AFFIRMED.