MELVIN L. RAWLINGS V. ANHEUSER-BUSCH BREWING
ASSOCIATION.

FILED MAY 6, 1903. No. 12,655.

1. **Interest on Judgment.** Where a plaintiff has obtained a verdict on which judgment has been entered, and on appeal the supreme court holds that the verdict is excessive and orders a new trial unless plaintiff remit the amount deemed excessive, and plaintiff does enter a remittitur for such excess, he is entitled to interest on the amount of the judgment allowed to stand from the date of the original entry.

2. ———. Where payment is made upon a judgment in excess of the amount of the interest then due thereon, the entire unpaid remainder due on the judgment, including interest, bears interest as provided by law from the date of such payment.

ERROR to the district court for Gage county: CHARLES B. LETTON, DISTRICT JUDGE. *Affirmed.*

*L. M. Pemberton,* for plaintiff in error.

*Alfred Hazlett* and *Fulton Jack, contra.*

GLANVILLE, C.

The plaintiff in error has brought this action to this court to have reviewed the ruling of the district court upon his motion to suspend an execution issued out of that court and quash and set aside said execution, claiming that the judgment upon which the execution was issued had been paid in full prior to the issuing of the execution. There is no dispute whatever as to the facts in the case.

It appears that this cause was before this court on a petition in error filed by the same plaintiff in error, wherein the action of the district court upon the trial of the original action was complained of, and it was ordered by this court that in case the defendant in error within forty days remit all damages adjudged to it in excess of the amount prayed in its petition, the judgment be affirmed, otherwise the judgment to be reversed and the cause remanded. It seems that plaintiff below omitted to pray in its petition for certain interest that was included in the verdict and judgment, and that the excess of damages referred to in the order of this court was such interest. The defendant in error entered the proper remittitur in this court and a mandate was issued to the district court wherein the following order was made:

"Now, therefore, you are commanded without delay to cause execution to issue, carrying into effect your said judgment as modified by said remission in the manner provided by law."

The execution in question is dated February 19, 1902, and was issued for the collection of $286.44, together with interest thereon at the rate of 7 per cent. per annum from the 12th day of September, 1901, until paid, also $23.70 costs of suit, with the accruing costs. By the recitals contained in the execution it is shown that Rawlings paid on

the judgment and costs $1,203.40, on the 12th day of September, 1901. This sum, it appears, is the amount of the original judgment, less the sum remitted, with interest only from the date of the mandate, and the sum for which execution is issued is the interest on the amount of the original judgment, less the sum remitted, from the date of the judgment to the date of the mandate; and the only questions to be determined are: (1) Should the remainder of the judgment, after deducting the amount remitted, bear interest from the date of its original entry?  (2) If it should, then it was right to require the collection of interest upon the unpaid remainder of the judgment from the date of the payment made thereon?

By the rule announced in this court in *Davis v. Neligh,* 7 Neb. 78, holding that "interest on a judgment or debt due, is computed up to the time of the first payment, and the payment so made is first applied to discharge the interest, and afterwards, if there be a surplus, it is applied upon the principal and so *toties quoties,* taking care that the principal thus reduced shall not at any time be suffered to accumulate by the accruing interest," the second question above is answered in the affirmative. If the amount for which execution was issued is the remainder due upon the judgment after crediting the payment made, it bears interest from the date of such payment.

We think the first question must also be answered in the affirmative, upon reason and justice as well as authority. By section 3 of the chapter on interest in the statutes of this state, it is provided:

"Interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof, at the rate of $7 upon each $100, until the same shall be paid."

The judgment in question was rendered on the 2d day of April, 1898. It has never been reversed, though by the order of this court it was modified by the remittitur which effected the deduction of a certain amount therefrom. The remittitur relates back to the date of the judgment, and

the amount thereof was correctly deducted from the original amount and interest computed from that date upon the unremitted remainder only. The mandate properly directed the carrying into effect of the judgment as modified by the remission, and no principle, or rule of justice or law, has been suggested by the plaintiff in error which would justify the holding that defendant in error is not entitled to interest as provided by law upon the judgment, modified only by the deduction of the amount remitted. In *McLimans v. City of Lancaster*, 65 Wis. 240, the supreme court of Wisconsin held:

"Where a plaintiff has obtained a verdict on which judgment has been entered, and on appeal the supreme court holds that the verdict is excessive, and orders a new trial unless plaintiff remit the amount deemed excessive, and plaintiff does enter a remittitur for such excess, he is entitled to interest on the amount of the judgment allowed to stand from the date of original entry."

The case before us, considering the language used in the ruling of this court, and the order contained in the mandate therefrom, is much stronger in favor of the allowance of such interest and gives less plausibility to the contention that it should not be allowed, than does the language in the ruling and order involved in the Wisconsin case. In that case it is said:

"There may be some reason for the construction given to this direction by the learned counsel for the appellant, but we think in consideration of the fact that this court held that if the verdict had originally been for the sum of $5,000 this court would have approved the same, and affirmed the judgment rendered thereon, which would have included or given the respondent the benefit of the interest on that sum from the date of such verdict, she ought not now to be debarred from having such interest allowed to her, unless the language of the court clearly excludes her from having the same. The language of the order is that the judgment shall be entered in her favor on the verdict and such remission for the sum of $5,000 and costs. The

verdict here referred to must be the verdict rendered March 12, 1884, and the remission is from the verdict of that date. The direction to enter judgment upon that verdict for the sum of $5,000 and costs should therefore be construed to mean to enter judgment upon the verdict for $5,000 rendered on the twelfth of March, 1884."

We think the Wisconsin case is correctly reasoned and decided, and that the order of the district court in the case before us, overruling the motion to suspend and quash or set aside the execution against plaintiff in error, is right and should be sustained.

We therefore recommend that the order of the district court overruling the motion of plaintiff in error be approved, and the decision of that court affirmed.

BARNES and ALBERT, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the order of the district court overruling the motion of the plaintiff in error, is approved, and the decision of that court is

AFFIRMED.