GLENN R. WAITE, PERSONAL REPRESENTATIVE OF THE ESTATE OF
HARRIET I. WAITE, DECEASED, APPELLANT, V. W. SCOTT
CARPENTER, M.D., ET AL., APPELLEES.
533 N.W.2d 917

Filed July 3, 1995.    Nos. A-94-444, A-94-445, A-94-498.

Glenn R. Waite, pro se.

James A. Snowden, of Knudsen, Berkheimer, Richardson & Endacott, for appellee Regional West Medical Center.

Mark E. Novotny, of Kennedy, Holland, DeLacy & Svoboda, for appellees Carpenter et al.

SIEVERS, Chief Judge, and IRWIN and MUES, Judges.

SIEVERS, Chief Judge.

These three cases from the district court for Scotts Bluff County involve three "medical malpractice" cases alleging the wrongful death of Glenn R. Waite's mother. These cases were originally before this court approximately 3 years ago. In *Waite v. Carpenter*, 1 Neb. App. 321, 496 N.W.2d 1 (1992), this court affirmed the district court's dismissal of the lawsuits. We affirmed because we agreed with the district court that the pro se personal representative was engaged in the unauthorized practice of law and that dismissal was the appropriate remedy and sanction. Waite's petition for further review of our decision was rejected by the Supreme Court.

The present appeals involve the attempt of Waite, the appellant in the earlier cases, to "revive" these suits by claiming

that he is the sole heir of the decedent, Harriet I. Waite. In our previous opinion, we expressly concluded that he was not the sole heir. Our mandate affirming the dismissal of the original cases was filed in the district court for Scotts Bluff County on February 11, 1993. In each of the three district court cases, Waite filed pleadings as follows: a "Motion to Vacate Judgment of Dismissal" on November 17, 1993; an "Amended Motion to Vacate Judgment of Dismissal" on December 7, 1993; and a second "Amended Motion to Vacate Judgment of Dismissal" on January 19, 1994. In these motions, Waite alleged, inter alia, that the district court and the Court of Appeals lacked jurisdiction to determine the question of his alleged unauthorized practice of law and that the district court was biased at the time of the dismissal of the original cases. After a hearing was held on these motions on February 1, 1994, the district court took these motions under advisement. On March 1, 1994, the district court recorded a journal entry which overruled all of Waite's motions in all of the cases finding that "all matters raised by the various motions of the plaintiff herein could have or should have been raised in the appeal taken to the NEBRASKA COURT OF APPEALS and in which final judgment was entered."

Thereafter, Waite filed a motion for new trial, which was subsequently overruled by the district court. Waite now appeals once again to this court. Little purpose would be served by detailing Waite's allegations which purport to show that he is the sole heir of his deceased mother and, thus, can now bring the lawsuits. Waite apparently believes he can "fix" the defects previously found by this court and thereby make our judgment something other than final.

■ As a matter of procedure, the issue is whether the district court had any power, i.e., jurisdiction, to consider Waite's motions to vacate the judgments of dismissal and reopen these proceedings after this court has affirmed the judgment of dismissal and issued its mandate to the district court. See *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994) (jurisdiction is a court's power or authority to hear a case).

■ Under the law-of-the-case doctrine, the holdings of the appellate court on questions presented to it in reviewing

proceedings of the trial court become the law of the case; those holdings conclusively settle, for purposes of that litigation, all matters ruled upon, either expressly or by necessary implication. *Wicker v. Vogel*, 246 Neb. 601, 521 N.W.2d 907 (1994). Our previous decision conclusively settled the matter of whether these lawsuits were to be dismissed—we plainly held that they were dismissed. When the Supreme Court denied further review, our decision became final and binding on the district court. The district court therefore lacks the power to allow the reopening, revival, or relitigation of these cases. The district court correctly characterized our decision as *final* and had no choice but to deny the motions. Any other conclusion would mean chaos in our judicial system. If the parties and the district court were not bound by our decision, then finality of judgment would become an empty doctrine, and litigation would have no end. Although Waite believes otherwise, these cases were finally dismissed long ago.

Perhaps this is an appropriate time to remind Waite that it is the duty of the courts to prevent abuse of process and frivolous proceedings in the administration of justice. See *Sargent Feed & Grain v. Anderson*, 216 Neb. 421, 344 N.W.2d 59 (1984).

AFFIRMED.