JOE EMMETT FINNEY, APPELLEE, V.
TERESA JO FINNEY, APPELLANT.
730 N.W.2d 351

Filed April 20, 2007. No. S-06-001.

Daylene A. Bennett, of Burger & Bennett, P.C., for appellant.

Rodney J. Palmer, of Palmer & Flynn, P.C., for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Joe Emmett Finney and Teresa Jo Finney were divorced, and Teresa was awarded certain property and alimony in the decree. In a previous appeal, we modified the property award. The question presented in this appeal is whether our appellate modification of the property settlement was a material and substantial change in circumstances warranting subsequent modification of the alimony award.

## BACKGROUND

Joe and Teresa were married in 1980 and divorced in 2001. In its 2001 decree, the district court determined that stock owned by the parties in the family ranch, incorporated as Finney Land & Livestock, was marital property. The court ordered Joe to pay Teresa $134,000 to compensate her for what it concluded was the value of her stock. The court also awarded Teresa alimony in the amount of $500 per month for 120 months. On appeal, the Nebraska Court of Appeals concluded that the district court had abused its discretion in connection with the valuation and division of the stock and modified the decree to award Teresa

$255,138.[1] We granted further review and concluded, in a memorandum opinion (*Finney I*),[2] that the Court of Appeals had also erred in its valuation of the stock and modified the decree to award Teresa $343,412. We affirmed the decree as modified, and our mandate issued on April 8, 2004.

On November 10, 2004, Joe filed an "Application to Modify or Contempt" in the district court, alleging a material and substantial change of circumstances between the parties. In particular, Joe alleged that Teresa's salary had substantially increased while Joe's had declined. Joe also alleged that "the amount of alimony as set is too high under the circumstances of the parties." On November 16, Teresa filed a motion that, among other things, requested attorney fees. After an evidentiary hearing, the court entered an order modifying the decree. The court specifically found that "the income levels of the parties have not changed materially since the entry of the Decree of Dissolution." The court noted an increase in Teresa's income, "but not one that would lead the court to conclude that there has been a material change in circumstances in that regard."

Instead, the court stated:

> The actual material change in circumstances which occurred in this case was the resolution by the Nebraska Supreme Court that the monies to be paid to [Teresa] from [Joe] for the marital stock should be increased from $134,000 to $343,000. That significant increase provides more monies to [Teresa] which could be invested, draw interest, and provide greater income. Therefore, the amount of alimony awarded should decrease in light of the extra monies made available to [Teresa] by [the] Nebraska Supreme Court.

On that basis, the court reduced Teresa's alimony from $500 per month to $250 per month beginning December 1, 2005. The court denied Teresa's request for attorney fees.

---

[1] *Finney v. Finney*, No. A-01-770, 2003 WL 433525 (Neb. App. Feb. 25, 2003) (not designated for permanent publication).

[2] *Finney v. Finney*, 267 Neb. xix (No. S-01-770, Feb. 25, 2004).

## ASSIGNMENTS OF ERROR

Teresa assigns that the district court erred in (1) finding that this court's decision modifying the original decree of dissolution constituted a material change in circumstances justifying a reduction in the amount of alimony and (2) not awarding attorney fees to Teresa.

In his "Brief of Appellee," Joe assigns that the court erred in finding (1) there was not a material change in the income of the parties and (2) the balance of the judgment should draw interest from June 1,. 2004. But Joe's brief does not meet this court's requirements for a cross-appeal,[3] and we do not consider his putative assignments of error.[4]

## STANDARD OF REVIEW

■ Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court.[5]

## ANALYSIS

■ Pursuant to Neb. Rev. Stat. § 42-365 (Reissue 2004), alimony orders may be modified or revoked for good cause shown.[6] Good cause means a material and substantial change in circumstances and depends upon the circumstances of each case.[7] The moving party has the burden of demonstrating a material and substantial change in circumstances which would justify the modification of an alimony award.[8] Changes in circumstances which were within the contemplation of the parties at the time of the decree, or that were accomplished by the mere passage of time, do not justify a change or modification of an alimony award.[9]

---

[3] See Neb. Ct. R. of Prac. 9D(4) (rev. 2001).

[4] See *New Tek Mfg. v. Beehner*, 270 Neb. 264, 702 N.W.2d 336 (2005).

[5] *Wood v. Wood*, 266 Neb. 580, 667 N.W.2d 235 (2003).

[6] *Davis v. Davis*, 265 Neb. 790, 660 N.W.2d 162 (2003).

[7] See *Bowers v. Scherbring*, 259 Neb. 595, 611 N.W.2d 592 (2000).

[8] *Id.*

[9] *Collett v. Collett*, 270 Neb. 722, 707 N.W.2d 769 (2005).

The initial question we confront in this appeal is whether the district court was correct in concluding that Joe's burden of showing a material and substantial change in circumstances was met by this court's modification of the property settlement in *Finney I*. That question requires us to consider, more generally, the effect of appellate modification of a judgment.

This court, and the Court of Appeals, have considered similar issues in the context of postjudgment interest. In *Gallner v. Gallner*,[10] we confronted a situation in which the district court had awarded a cash payment as part of the property settlement in a divorce decree and the Court of Appeals had increased that award on appeal. On remand, the district court determined that the judgment had been satisfied, but the wife disagreed, contending the postjudgment interest had not been fully paid. We agreed, adopting the holding and reasoning of the Court of Appeals in *Ramaekers, McPherron & Skiles v. Ramaekers*,[11] that when a judgment is modified on appeal, interest accrues on the full amount of the judgment as modified from the date the original judgment is due.[12]

In *Ramaekers*, the Court of Appeals had been required to determine when a judgment that is increased upon appeal is considered to have been rendered for purposes of interest accrual.[13] The Court of Appeals noted our opinion in *Rawlings v. Anheuser-Busch Brewing Co.*,[14] in which we held that interest commenced to run on the date the trial court rendered its original judgment when the amount of the judgment had been decreased on appeal by a remittitur. We had concluded that the remittitur related back to the date of the rendition of the original judgment.[15] The Court of Appeals also relied on our decision in *Koterzina v. Copple*

---

[10] *Gallner v. Gallner*, 257 Neb. 158, 595 N.W.2d 904 (1999).

[11] *Ramaekers, McPherron & Skiles v. Ramaekers*, 4 Neb. App. 733, 549 N.W.2d 662 (1996).

[12] See *Gallner, supra* note 10.

[13] See *Ramaekers, supra* note 11.

[14] *Rawlings v. Anheuser-Busch Brewing Co.*, 69 Neb. 34, 94 N.W. 1001 (1903).

[15] See *id.*

*Chevrolet*,[16] in which a prior appellate decision had increased the percentage of a workers' compensation disability award that a judgment debtor was required to pay. We held that the appellate modification of the award "had a nunc pro tunc effect," so that the claimant was entitled to interest on 100 percent of the award from the date of the original award.[17]

Reading *Koterzina* and *Rawlings* together, the Court of Appeals reasoned that when a judgment is modified on appeal, interest runs on the full amount of the judgment as modified from the date the original judgment was rendered by the trial court, because the modified judgment is deemed to have been rendered when the original judgment was rendered.[18] As the Tennessee Court of Appeals reasoned under similar circumstances,

> [t]he appellate court acts only upon the record in the case in the trial court and when the appellate court enters an order modifying the trial court order it is doing what should have been done in the first instance. The modification of the trial court order should be effective as of the date of the trial court order.[19]

The reasoning of the foregoing cases is applicable here. Where a judgment has been modified on appeal and the only action necessary in the trial court is compliance with the mandate of the appellate court, then the judgment that was affirmed as modified is effective from the time that it was originally entered by the trial court, just as if it had been affirmed without modification.[20] It is the decree that was affirmed as modified, from the time it was originally entered, that provides the appropriate frame of reference for a subsequent application to modify. To determine whether there has been a material and substantial change

---

[16] *Koterzina v. Copple Chevrolet*, 249 Neb. 158, 542 N.W.2d 696 (1996).

[17] *Id.* at 167, 542 N.W.2d at 703.

[18] See *Ramaekers, supra* note 11. See, also, *Pursley v. Pursley*, 261 Neb. 478, 623 N.W.2d 651 (2001); *Lebrato v. Lebrato*, 3 Neb. App. 505, 529 N.W.2d 90 (1995); *State ex rel. Crook v. Mendoza*, 1 Neb. App. 180, 491 N.W.2d 62 (1992).

[19] *Gotten v. Gotten*, 748 S.W.2d 430, 431 (Tenn. App. 1987).

[20] See *Gallner, supra* note 10.

in circumstances, a trial court should compare the financial circumstances of the parties at the time of the divorce decree, or last modification of the decree, with their circumstances at the time the modification at issue was sought, and an intervening appellate decision has no bearing on the analysis.[21]

In this case, the district court should have compared the financial circumstances of the parties in 2001, including our decision in *Finney I*, with the circumstances of the parties at the time modification was requested. Since the court expressly rejected Joe's arguments and concluded that those circumstances were unchanged, it should have denied Joe's motion to modify the alimony award. Teresa's first assignment of error has merit.

 Teresa also assigns that the court erred in not awarding her attorney fees. In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion.[22] The award of attorney fees depends on multiple factors that include the nature of the case, the services performed and results obtained, the earning capacity of the parties, the length of time required for preparation and presentation of the case, customary charges of the bar, and the general equities of the case.[23] Having reviewed the record and considered the financial circumstances of the parties, we conclude the court did not abuse its discretion in denying Teresa's request for fees.

## CONCLUSION

The district court erred in concluding that our decision in *Finney I* was a material and substantial change in circumstances warranting further modification of the decree. The court's modification of the alimony award is reversed. The judgment is affirmed in all other respects.

AFFIRMED IN PART, AND IN PART REVERSED.

---

[21] See *London v. London*, 192 S.W.3d 6 (Tex. App. 2005).

[22] *Emery v. Moffett*, 269 Neb. 867, 697 N.W.2d 249 (2005).

[23] *Id.*