Donna L. Garza, now known as Donna L. Faust Aman,
appellee and cross-appellant, v. Arturo Garza,
appellant and cross-appellee.

___ N.W.2d ___

Filed May 23, 2014. No. S-13-606.

1. **Modification of Decree: Child Support: Appeal and Error.** Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court. The same standard applies to the modification of child support.

2. **Modification of Decree: Attorney Fees: Appeal and Error.** In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion.

3. **Attorney Fees.** Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees.

4. ____. Customarily, attorney fees are awarded only to prevailing parties or assessed against those who file frivolous suits.

5. **Divorce: Attorney Fees.** A uniform course of procedure exists in Nebraska for the award of attorney fees in dissolution cases.

6. ____: ____. In awarding attorney fees in a dissolution action, a court shall consider the nature of the case, the amount involved in the controversy, the services actually performed, the results obtained, the length of time required for preparation and presentation of the case, the novelty and difficulty of the questions raised, and the customary charges of the bar for similar services.

Appeal from the District Court for Douglas County: Gary B. Randall, Judge. Affirmed.

Wendy J. Ridder, of Law Offices of Daniel P. Bracht, P.C., L.L.O., for appellant.

Benjamin M. Belmont, of Brodkey, Peebles, Belmont & Line, L.L.P., for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Heavican, C.J.

## I. INTRODUCTION

Arturo Garza filed an application to modify child support and parenting time. The district court found a material

change in circumstances, made certain changes to the parties' parenting time, and reduced Garza's child support obligation. Garza appeals, and Donna L. Garza, now known as Donna L. Faust Aman (Faust Aman), cross-appeals. We affirm.

## II. BACKGROUND

Garza and Faust Aman were married in July 2005. The parties separated in December of that same year, and Faust Aman filed for divorce on December 22. One child, a son, was born of the marriage in December 2005, after Faust Aman filed for divorce. A decree and parenting plan was entered on May 2, 2007.

The original decree and parenting plan awarded sole primary and legal custody to Faust Aman. As relevant to the current application for modification, Garza was awarded alternating weekend visitation and was ordered to pay $500 per month in child support.

In approximately February 2010, Garza, who had been unemployed, moved from Omaha, Nebraska, to Lenexa, Kansas, to take a new job. On February 2, 2012, Garza filed an application, and later an amended application, for modification of the decree and parenting plan, alleging that his move to Kansas was a material change in circumstances. On March 2, Faust Aman filed an answer; on March 5, she filed a motion for an order to show cause why Garza should not be held in contempt of court for "willfully and contemptuously violating the terms and conditions of the Decree of Dissolution."

Following a hearing, Garza was found in contempt because he owed Faust Aman $7,683.89 in child support, $10,601 for childcare expenses, and $31,000 for the divorce property settlement. Garza was allowed to purge the contempt by paying $3,000 in child support; being current in his payments of child support and childcare expenses when making his regular payments in April, May, and June; and paying attorney fees. Garza was purged of the contempt on May 7, 2012.

In the midst of the contempt proceedings, on or about March 30, 2012, Garza was laid off from his job. On September 12, Garza filed a second amended application for modification. He alleged a material change in circumstances for various

reasons, notably his relocation to Lenexa, the fact that the minor child was now school age, Faust Aman's new job, and the loss of his job.

Garza was still out of work at the time of the trial on his application for modification. Garza testified that he had been looking for a job since he was laid off and testified that he had searched in Lenexa, Omaha, and surrounding areas. Garza testified that he was willing to take a job in a field other than his chosen field of medical equipment planning and that he had even applied for food services jobs, all to no avail.

Garza has numerous complaints about Faust Aman and his access to their son. As relevant to this appeal, Garza complains that after moving to Lenexa, he asked Faust Aman on more than one occasion to transport their son to Mound City, Missouri, or roughly halfway between Omaha and Lenexa, so that Garza could exercise his visitation. But Faust Aman informed Garza that she was "'not able to meet [him] halfway.'" She testified that oftentimes, she could not meet with her "upper management" until late in the day, and that therefore, she was not able to leave work early on Friday afternoons on a regular basis.

Following trial on the application for modification, the district court found Garza's move to Kansas was a material change in circumstances. But the district court noted that the move on Garza's part was voluntary. As such, it denied Garza's request that Faust Aman should have to transport the couple's son to the halfway point for visitation so long as Garza remained unemployed, but granted his request for transportation under limited circumstances once Garza was again employed. Specifically, once Garza was again employed, Faust Aman would be required to meet Garza at a location chosen by the parties, but only for the return trip on the last alternating weekend visitation of a month when that visitation ended on a Sunday.

Garza's request to lower his child support obligation to the minimum $50 per month payment was denied. The district court did lower his child support obligation from $500 to $305 per month.

Finally, Garza was ordered to pay Faust Aman attorney fees of $2,500, due when he was again employed. Garza's request for attorney fees was denied.

Garza appeals, and Faust Aman cross-appeals.

## III. ASSIGNMENTS OF ERROR

On appeal, Garza assigns, restated and renumbered, that the district court erred in (1) splitting transportation for visitation as it did, (2) calculating the reduction in Garza's child support obligation, and (3) awarding Faust Aman attorney fees.

On cross-appeal, Faust Aman assigns, consolidated, that the district court erred in reducing Garza's child support obligation.

## IV. STANDARD OF REVIEW

[1] Modification of a dissolution decree is a matter entrusted to the discretion of the trial court, whose order is reviewed de novo on the record, and which will be affirmed absent an abuse of discretion by the trial court.[1] The same standard applies to the modification of child support.[2]

[2] In an action for modification of a marital dissolution decree, the award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion.[3]

## V. ANALYSIS

Three issues are presented by this appeal: (1) visitation transportation, (2) child support, and (3) attorney fees.

### 1. Visitation Transportation

In his first assignment of error, Garza assigns that the district court erred in its order regarding visitation transportation. On this point, the district court ordered Faust Aman to meet Garza halfway between Omaha and Lenexa to pick up the couple's son at the end of each visit, to commence after Garza is again employed. Garza instead sought an order

---

[1] *Caniglia v. Caniglia*, 285 Neb. 930, 830 N.W.2d 207 (2013).

[2] *Id.*

[3] *Finney v. Finney*, 273 Neb. 436, 730 N.W.2d 351 (2007).

requiring Faust Aman to meet him halfway for each visit, effective immediately.

We agree that Garza's move to Lenexa was a material change in circumstances.[4] But we find no error in the district court's order on transportation. Garza voluntarily moved to Lenexa. And Faust Aman testified as to the reasons why transporting their son halfway to Lenexa was not feasible for her. Reviewing the record de novo for an abuse of discretion, we find the district court's order was not error. Garza's first assignment of error is without merit.

## 2. Child Support

In his second assignment of error, Garza assigns that the district court erred in calculating his child support obligation. On cross-appeal, Faust Aman assigns that the district court erred in finding a material change in circumstances supporting any reduction in child support and further erred in reducing Garza's child support obligation under the doctrine of unclean hands.

### (a) Faust Aman's Assignments of Error on Cross-Appeal

We first address Faust Aman's claim that there was no material change in circumstances that would support a reduction in Garza's child support obligation.

We agree with Garza that his lack of employment is a material change in circumstances. At trial in March 2013, Garza presented evidence that he was laid off from his employment in late March 2012 and that he had been searching for a job since that time. Garza also presented testimony that he had received unemployment from the State of Kansas and later from the federal government, though at the time of trial, he was ineligible for benefits. He testified he could reapply at a later date.

Having concluded there was a material change in circumstances, we turn to Faust Aman's argument that the district court erred by not finding Garza to have unclean hands. The

---

[4] See Neb. Rev. Stat. § 42-364 (Cum. Supp. 2012). See, also, *Watkins v. Watkins*, 285 Neb. 693, 829 N.W.2d 643 (2013).

doctrine of unclean hands can be invoked to bar a petitioner's claim for relief, when the "evidence shows that the petitioner is able to pay the arrearage or is unable to pay through some unintentional conduct on his part."[5]

The record shows that Garza was unemployed at least twice over the last few years. There is no evidence that this unemployment was due to any bad faith on his part. As such, we cannot conclude that the district court erred in failing to find that Garza had unclean hands. Faust Aman's second assignment of error on cross-appeal is without merit.

### (b) Garza's Assignments of Error on Appeal

We now turn to Garza's various assignments of error regarding his child support obligation. They can be summarized into three groups: the district court erred in (1) making certain deductions from Faust Aman's income, (2) calculating Garza's income and in not deviating from the Nebraska Child Support Guidelines for Garza's travel expenses, and (3) not lowering Garza's child support obligation to a minimum $50 support level.

### (i) Faust Aman's Income

Garza makes several arguments regarding the district court's calculation of Faust Aman's income. He argues that the district court erred in not including Faust Aman's bonus and in deducting from Faust Aman's income her 401K contribution and her dental and vision insurance premiums. All of Garza's arguments are without merit.

First, the district court did not err in not including Faust Aman's bonus, which was speculative in nature, in her income.[6] Nor did the district court err in deducting her 401K contribution. Though Faust Aman had not currently been making such a contribution, she testified that this was due to Garza's failure to be current on his child support obligation. Finally, the district court did not err in allowing a deduction

---

[5] *Voichoskie v. Voichoskie*, 215 Neb. 775, 779, 340 N.W.2d 442, 445 (1983).

[6] See *Noonan v. Noonan*, 261 Neb. 552, 624 N.W.2d 314 (2001).

for dental and vision insurance premiums, both of which are permitted under the guidelines.[7]

### (ii) Garza's Income and Travel Expenses

Garza next argues that the district court erred in calculating his monthly income and in not allowing him a deviation from the guidelines for his travel expenses. We disagree.

First, a review of the record demonstrates that the district court calculated Garza's earning capacity, and not his actual earnings, at $1,720 a month. Based upon the evidence presented, this was appropriate.[8]

Garza also argues that the district court should have deviated from the guidelines as a result of some of his travel expenses. Again we disagree. Deviation from the guidelines is discretionary,[9] and we cannot conclude that the district court was wrong, given the evidence that Garza voluntarily moved to Lenexa.

### (iii) Minimum Support Level

Finally, Garza argues that the district court should have lowered his child support obligation to the minimum support level of $50 per month. We disagree.

Neb. Ct. R. § 4-209 outlines the minimum support order. The purpose of § 4-209 is to provide for some support even in cases of very low income in order to reinforce the duties and obligations of being a parent.

But this case does not present a low-income situation, and thus, § 4-209 has no application. Instead, as noted above, Garza's monthly income was properly calculated at $1,720 a month. Even with a child support obligation of $305 a month, Garza's monthly income would not fall below the minimum levels of $973 established by Neb. Ct. R. § 4-218 (rev. 2014).

Garza's argument is without merit, as is his second assignment of error.

---

[7] Neb. Ct. R. § 4-215(A) (rev. 2011).

[8] See Neb. Ct. R. § 4-204.

[9] Neb. Ct. R. § 4-210.

### 3. Attorney Fees

Finally, Garza argues that the district court erred in awarding Faust Aman attorney fees.

[3-5] Attorney fees and expenses may be recovered only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees.[10] Customarily, attorney fees are awarded only to prevailing parties or assessed against those who file frivolous suits.[11] A uniform course of procedure exists in Nebraska for the award of attorney fees in dissolution cases.[12] Thus, there was authority, in this modification of a dissolution decree case, for the awarding of attorney fees.

[6] It has been held that in awarding attorney fees in a dissolution action, a court shall consider the nature of the case, the amount involved in the controversy, the services actually performed, the results obtained, the length of time required for preparation and presentation of the case, the novelty and difficulty of the questions raised, and the customary charges of the bar for similar services.[13]

The Nebraska Court of Appeals has further held that

> it is not strictly necessary for an applicant for attorney fees to introduce specific evidence to support an award of attorney fees, but before an award of attorney fees will be affirmed on appeal, the record must contain the information that shows that the award is within the range of the trial court's discretion. . . . If the contents of the record, i.e., pleadings, introduced discovery documents, time spent in court as shown by the court record, and doubtless many other items which will support the award, do show the allowed fee not to be unreasonable, then that fee would not be untenable or an abuse of discretion.[14]

---

[10] *Ryan v. Ryan*, 257 Neb. 682, 600 N.W.2d 739 (1999).

[11] *Id*.

[12] See *Nimmer v. Nimmer*, 203 Neb. 503, 279 N.W.2d 156 (1979).

[13] See *Boamah-Wiafe v. Rashleigh*, 9 Neb. App. 503, 614 N.W.2d 778 (2000).

[14] *Id*. at 519, 614 N.W.2d at 789.

The best practice will always be to provide an affidavit or other evidence such as testimony or exhibits as detailed above, and we certainly encourage doing so. With such evidence, a party is assured that both the trial court and the appellate court will not be required to scour a record in an effort to support attorney fees in any particular case.

We will not absolutely require the filing of an affidavit. As the Court of Appeals noted in *Boamah-Wiafe v. Rashleigh*,[15] "if the contents of the record . . . do show the allowed fee not to be unreasonable, then that fee would not be untenable or an abuse of discretion." But we emphasize that the filing of an affidavit or presentation of other evidence will always be the preferable way to support the award of attorney fees. Litigants who do not file an affidavit or present other evidence risk the loss of attorney fees, because of the difficulty of discerning such information from the record alone.

We cannot conclude that this fee was unreasonable. The original application to modify was filed over 2 years ago. Three different applications to modify were filed. Counsel for Faust Aman pursued and succeeded in having Garza held in contempt for failing to pay child support, the property settlement, and other expenses. Discovery was conducted, including depositions.

We find no merit to Garza's final assignment of error.

## VI. CONCLUSION

The decision of the district court is affirmed.

AFFIRMED.

---

[15] *Id*.