### GEORGE PETERS V. MINNIE KILLIAN.

FILED NOVEMBER 20, 1901.    No. 10,380.

Commissioner's opinion, Department No. 3.

**Proceedings in Bastardy Purely Statutory.** Proceedings in bastardy are purely statutory and the courts can try such issues and make such orders, in them, as the statute contemplates, and none other. A settlement between the parents of an illegitimate child, in order to be operative as a stay or termination of such proceedings, must be of such nature and made and attested in such manner as the act prescribes and the district court can take judicial cognizance of none other. In that proceeding the court can not try the issue whether the father or the mother of the child is the more suitable person to be entrusted with its custody.

ERROR from the district court for Cass county. Tried below before RAMSEY, J. *Affirmed.*

*Matthew Gering* and *Jesse L. Root,* for plaintiff in error.

*A. J. Graves, contra.*

Argued orally by *Gering* and *Root,* for plaintiff in error; by *Graves, contra.*

AMES, C.

This is what is commonly called a "proceeding in bastardy," pursuant to chapter 37 of the Compiled Statutes. In the justice's court, as appears from the transcript of the justice, the defendant therein, plaintiff in error here, by his attorney, offered to confess judgment for the benefit of the complainant for the sum of $175 and costs, and offered to pay said sum and costs into court for her use; but it does not appear that she accepted of or consented to such judgment or payment, or that the transaction had any of the features of a settlement such as is contemplated by section 1 of the chapter. Nor does it appear that any bond such as is prescribed was given or offered to be given to the county commissioners of the county, and in

the absence of such a settlement the justice is not author-
ized to accept such a bond. The defendant was then rec-
ognized to appear at the next term of the district court
for the county in the manner provided by the statute. In
the district court the defendant filed a verified answer, in
which he admitted his paternity of the child, then born,
and admitted that the complainant was and had hitherto
been an unmarried woman, and averred affirmatively that
he and the complainant had made some time previously
"a verbal agreement" by which he was to pay her $175 in
full settlement of all matters and differences between them,
which amount he offered to pay to the clerk for her benefit,
and further offered to pay all costs accrued in the cause.
In addition to this the defendant pleaded certain matters
tending to show, as he claimed, that he was, and that the
complaint was not, a suitable person to have the care, cus-
tody, nurture and education of the child, and prayed that
he be awarded the same and that the alleged settlement
be by the judgment of the court carried into effect. All
this affirmative matter, together with the offers it con-
tained, was by the court, on motion of the complainant,
stricken from the answer. Afterwards, upon motion of
the complainant and upon the confessions remaining in
the answer, the court entered the usual judgment against
the defendant, determining the paternity of the child and
adjudging the sums to be paid for its maintenance and
the time and manner of their payment, and requiring the
defendant to give security for obedience to the judgment
in the manner provided by the statute.

The defendant brings the case here by a petition in
error, but we are unable to discover any error in the rec-
ord. Proceedings in such cases are purely statutory and
the courts can try such issues and make such orders, in
them, as the statute contemplates and none other. A set-
tlement between the parents of an illegitimate child, in
order to be operative as a stay or termination of such pro-
ceedings, must be of such nature and made and attested in
such manner as the act prescribes, and the district court

can take judicial cognizance of none other. In that proceeding the court can not try the issue whether the father or the mother of the child is the more suitable person to be entrusted with its custody. We recommend, therefore, that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.