DONALD J. PALTANI, APPELLEE, v. JOSEPHINE CREEL, APPELLANT.

100 N. W. 2d 736

Filed January 15, 1960. No. 34595.

*Schrempp & Lathrop, Henry C. Rosenthal, Jr.,* and *Simon J. Albracht,* for appellant.

*Clayton H. Shrout* and *James H. Moylan,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Donald J. Paltani, plaintiff and appellee, against Josephine Creel, defendant and appellant, which was tried in the district court for Douglas County, Nebraska, the purpose of which was to have himself declared the father of two children born out of wedlock to the defendant; to be declared entitled to all rights attendant "upon being the father of said children"; and for such other and further relief as equity may require.

To the petition on which the action is based the defendant filed a demurrer on the ground that the court was without jurisdiction and on the further ground that the petition did not state a cause of action. The demurrer was overruled after which an answer was filed. The demurrer was preserved in the answer.

The action came on for trial and at its conclusion the court decreed that the plaintiff was the father of the two children; that he pay $10 a week for each child for support and maintenance until the further order of the court; and that he was entitled to "the right of reasonable visitation" of the children until the further order of the court. From this judgment the defendant has appealed.

The brief of appellant contains five assignments of error but in the light of the view taken the substance of only one requires consideration in this opinion. That one presents the question of whether or not the petition states a cause of action.

This is a direct action, as has already become apparent, by an alleged father of two children born out of

wedlock the primary purpose of which is to have himself declared the father. This purpose is not in anywise incidental to other relief which is proper for consideration in an action cognizable in equity.

Every question which is presented by the assignment of error which has been urged by the appellant and responded to by the appellee has been fully answered, adversely to the appellee, by the opinion in Timmerman v. Timmerman, 163 Neb. 704, 81 N. W. 2d 135. In that case it was said: "In this state, a common-law jurisdiction, an action for the purpose of legitimating or determining the paternity of a child born out of wedlock and obtaining support and maintenance for such child depends upon statutory authority for its maintenance."

With reference to the method to be employed in the determination of paternity it is said in the same case: "In an action the sole purpose of which is to have determined the paternity of a child born out of wedlock, the proceeding must be in accordance with the provisions of section 13-106 or 13-113, R. R. S. 1943." Section 13-113, R. R. S. 1943, was amended by action of the 1955 Legislature but not in any sense pertinent here.

The appellee contends however that by authority of this same case his action in equity for the purposes declared in the petition is proper. He relies upon the fact that in that case which was an action triable in equity a decree declaring paternity of a child born out of wedlock was rendered.

It is true that in that case the right of the court to adjudicate paternity of a child born out of wedlock was upheld. The right to maintain an action in equity for that sole purpose however was not declared or upheld. Such a right, as pointed out, was expressly denied.

That action as instituted was for divorce. After the action was instituted the validity of the marriage was appropriately brought into question and it was by the decree of the court nullified. The court then decreed paternity and fixed the custody of a child born of the

parties,. and made provision for his maintenance. It was this action that was approved by this court.

The action was not approved, however, on the ground that it was in the exercise of the general equity power of the court. It was, as is pointed out in the opinion, pursuant to power granted and declared in situations such as the one presented under the facts of that case, namely, the power of the court in an instance where there was an adjudication of nullity of a marriage. The provision is section 42-311, R. R. S. 1943, and the part which is of significance here is the following: "Upon pronouncing a sentence or decree of nullity of a marriage * * * the court may make such further decree as it shall deem just and proper concerning the care, custody, and maintenance of the minor children of the parties, * * *." It is not pleaded or otherwise contended that in the present action the question of the validity of a marriage is involved.

In the light of this, unless this court is to depart from what was said in Timmerman v. Timmerman, *supra,* it must be said that no valid cause of action was pleaded and the demurrer should have been sustained and the action dismissed. There is no disposition to so depart.

The judgment of the district court is accordingly reversed and the cause remanded.

REVERSED AND REMANDED.

SIMMONS, C. J., not participating.