JERRY LYNN CROSS, APPELLEE, V.
WILLIAM FRANK PERRETEN, APPELLANT.
600 N.W. 2d 780

Filed October 1, 1999.    No. S-98-425.

Milissa Johnson-Wiles, of Frey & Hand, for appellant.

Becky J.W. Dias and John H. Sohl, of Edstrom, Bromm, Lindahl & Sohl, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.
### NATURE OF CASE
William Frank Perreten appeals from the March 30, 1998, order entered by the district court for Saunders County, which order, inter alia, declared William to be the father of the minor children Jessica L. Perreten, Chris W. Perreten, and Dani T. Perreten; awarded custody of the children to their natural mother, Jerry Lynn Cross, appellee; ordered William to pay child support; ordered William to pay $1,000 of Jerry's attorney fees; and divided the property and debts of Jerry and William. For his appeal, William challenges the jurisdiction of the district court in this paternity action to divide the property and debts of

the parties and the award of attorney fees to Jerry. For the reasons recited below, we conclude that the district court erred in its exercise of jurisdiction by hearing and deciding the property and debt issues, and we reverse and vacate that portion of the district court's order purporting to divide the property and debts of the parties. We affirm the award of attorney fees to Jerry incurred in connection with this paternity action.

## STATEMENT OF FACTS

There are no factual disputes of a material nature between the parties in this case. Although they never married, William and Jerry lived together for 18 years. During their relationship, the couple had three children, Jessica, born May 18, 1979; Chris, born August 5, 1982; and Dani, born December 27, 1983. During this same period, William and Jerry together purchased certain real and personal property, including a house in Ashland, Nebraska. The parties also incurred certain joint debts, including the mortgage on the house. Ultimately, William and Jerry terminated their relationship.

On October 23, 1996, Jerry filed a petition in the district court for Saunders County. The petition contained six paragraphs which alleged, inter alia, that the parties were not married but that William was the father of Jessica, Chris, and Dani, and that Jerry should be awarded custody, care, and control of the children. In her prayer for relief, Jerry sought "the care custody and control of the minor children of the parties," with William to receive reasonable visitation rights; child support, medical expenses, and day-care expenses; and attorney fees. Jerry also prayed for an "equitable distribution" of the parties' joint property and debts acquired during their relationship. The petition did not identify separate causes of action between the paternity case and incidents thereto and the allegations seeking a division of property and debts.

In his answer, William admitted paternity of the children and requested relief similar to that requested in Jerry's petition. The court appointed counsel to represent William with respect to the child custody and visitation matters. At trial, William orally demurred to the allegations in the petition concerning the division of property and debts in the paternity action, claiming that

the trial court lacked jurisdiction over the issues involving property and debt division in this paternity action. The trial court concluded that under its general equity power, it had jurisdiction to determine all issues raised in the petition, and it overruled William's demurrer.

Trial was conducted at which the court first heard evidence concerning the child custody, support, and visitation issues. The trial was continued to a later date, at which time the parties offered evidence regarding their property and debts. At the continuation of the trial, William renewed his oral demurrer to the trial court's jurisdiction over the property and debt division issues, and the demurrer was again overruled.

Following the conclusion of the trial, the court entered its order. The order, inter alia, declared William to be the father of the three children; awarded custody of the children to Jerry, with reasonable visitation to William; ordered William to pay child support; ordered William to pay $1,000 toward Jerry's attorney fees; and divided property and debts between Jerry and William. William appeals.

## ASSIGNMENTS OF ERROR

On appeal, William alleges the trial court erred (1) in overruling his demurrer and in determining in this paternity action that it had jurisdiction to hear and rule on the issue of the property and debts of the parties and (2) in ordering William to pay $1,000 of Jerry's attorney fees.

## STANDARDS OF REVIEW

In considering a demurrer, a court must assume that the facts pled, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of facts not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial. *Coburn v. Reiser*, 254 Neb. 495, 577 N.W.2d 289 (1998). In connection with questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Kratochvil v. Motor Club Ins. Assn.*, 255 Neb. 977, 588 N.W.2d 565 (1999). An award of attorney fees

in a paternity action is reviewed de novo on the record to determine whether there has been an abuse of discretion by the trial judge. Absent such an abuse, the award will be affirmed. *Morrill County v. Darsaklis*, 7 Neb. App. 489, 584 N.W.2d 36 (1998).

## ANALYSIS

*Denial of Demurrer.*

William's demurrers challenged the trial court's authority to determine property rights in a paternity action. A demurrer is the proper method by which to challenge the trial court's exercise of jurisdiction. See Neb. Rev. Stat. § 25-806 (Reissue 1995). Improper exercise of jurisdiction may be raised at any time by any party or by the court sua sponte. See, similarly, *Big John's Billiards v. Balka*, 254 Neb. 528, 577 N.W.2d 294 (1998) (concluding that absence of subject matter jurisdiction may be raised at any time by any party or by court sua sponte). Thus, although William did not challenge the trial court's authority to divide the parties' property and debts until the time of trial, William did not waive his objections thereto.

■ This court has long recognized that paternity proceedings "are purely statutory and the courts can try such issues and make such orders, in them, as the statute contemplates and none other." *Peters v. Killian*, 63 Neb. 57, 58, 87 N.W. 1049, 1050 (1901). At common law, the father of a child born out of wedlock had no legal obligation to support the child; that common-law rule was changed by legislative action. *Carlson v. Bartels*, 143 Neb. 680, 10 N.W.2d 671 (1943). Statutes which modify or abrogate the common law are to be strictly construed. *Lackman v. Rousselle*, 257 Neb. 87, 596 N.W.2d 15 (1999). This court has held that relief in paternity actions is limited to that provided in the statutes. See, *Paltani v. Creel*, 169 Neb. 591, 100 N.W.2d 736 (1960); *Timmerman v. Timmerman*, 163 Neb. 704, 81 N.W.2d 135 (1957).

The petition filed in this action lacks clarity. William argues the suit is a paternity action. In Jerry's brief on appeal, she claims the petition is a "general Petition" consisting of "four separate causes of action, one of which was paternity." Brief for appellee at 5. Both parties agree that a determination of paternity was fundamental to the resolution of the case. We read the

petition to be one seeking the establishment of paternity and the incidents thereto and conclude, as more fully explained below, that the trial court erred in exercising jurisdiction over the unrelated property and debt issues between the parties.

The parties admit and we agree that a determination of paternity was necessary to the resolution of the litigation. In this regard, we note that as part of her requested relief, Jerry sought an award of child support. We have observed: "A fundamental fact necessary to sustain an order of child support is paternity by the man judicially obligated to pay such support." *Younkin v. Younkin*, 221 Neb. 134, 143, 375 N.W.2d 894, 900 (1985). Thus, the trial court could not have entered a child support award absent a determination that William was the father of the children. See *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994). In its order, the trial court found William to be the father of Jessica, Chris, and Dani.

Pursuant to Neb. Rev. Stat. § 43-1401 et seq. (Reissue 1993, Cum. Supp. 1996 & Supp. 1997), paternity for children born out of wedlock may be established through a paternity action. The statutory framework allows either the mother, the father, a guardian or next friend, or the State to file suit for the determination of paternity. Section 43-1402 provides that the "father of a child whose paternity is established either by judicial proceedings or by acknowledgment as hereinafter provided shall be liable for its support to the same extent and in the same manner as the father of a child born in lawful wedlock is liable for its support." See, also, Neb. Rev. Stat. § 43-512.04 (Reissue 1998) (action for child support may be filed separately from divorce proceeding when paternity has been established in accordance with statute). Support includes education expenses. § 43-1401(3). It has also been held that child-care costs may be awarded as an incident to child support in a paternity action. *Dworak v. Fugit*, 1 Neb. App. 332, 495 N.W.2d 47 (1992). We have held that in "an action to establish paternity, issues of custody and visitation rights are incidental to the primary cause of action and fall within the general equity jurisdiction" of the district court. *Cox v. Hendricks*, 208 Neb. 23, 29, 302 N.W.2d 35, 38 (1981). Nowhere within the paternity statutes or the cases discussing those statutes, however, have we found authority for

the proposition that the parties to a paternity action may also include in the paternity suit as an incident thereto the unrelated issues of the division of property and debts arising from their cohabitation.

In the present case, the division of Jerry's and William's property and debts is not linked to the establishment of William's paternity and the concomitant rights and responsibilities to his children that arise as a result of his status as a parent. Rather, these property issues exist exclusive of the paternity statutes and are unaffected by any determination concerning paternity and the incidents thereto.

■ Jerry argued at trial and the trial court concurred that the trial court's authority to consider the property issues arose from its general equitable powers. We do not agree. Nothing in the paternity statutes permits a trial court to consider issues unrelated to the question of paternity and the immediate incidents thereto. Our review of the paternity statutes, which modify common law and must be strictly construed, leads to the conclusion that such statutes do not contemplate a determination of legal or equitable issues in a paternity action disconnected from the determination of paternity pursuant to those statutes, except for the allowance of support, child-care expenses, visitation, and custody incidental thereto. See *Timmerman v. Timmerman*, 163 Neb. 704, 81 N.W.2d 135 (1957).

The trial court should grant a demurrer if any one of the grounds on which it is based is well founded. *Fox v. Metromail of Delaware*, 249 Neb. 610, 544 N.W.2d 833 (1996). We conclude that the trial court erred in dividing the property and debts of Jerry and William in this paternity case. The error committed by the trial court was an error in the exercise of jurisdiction. See *In re Interest of Jeremy T.*, ante p. 736, 600 N.W.2d 747 (1999) (distinguishing between want of jurisdiction and error in exercise of jurisdiction). The trial court should have sustained William's demurrer and dismissed that portion of Jerry's paternity petition seeking a division of the property and debts of the parties.

We recently held in *Ryan v. Ryan, ante* p. 682, 600 N.W.2d 739 (1999), that a judgment can be vacated in part and upheld in part when a void portion of that judgment is sev-

erable from the valid portion. The term "severable" means that the valid portion of the judgment does not depend or rely on the void portion to stand on its own or to be carried out. *Id.* We determine the portion of the order dividing the parties' property and debts is severable from the remainder of the order pertaining to issues related to the children. Because the trial court erred in its exercise of jurisdiction by dividing the property and debts of the parties, we reverse and vacate the portion of the order and judgment dividing the property and debts of Jerry and William. The valid portions of the order pertaining to a determination of paternity, custody, visitation, and support are affirmed.

*Award of Attorney Fees.*

For his second assignment of error, William claims that the trial court abused its discretion in awarding Jerry $1,000 of the attorney fees which she sought in the paternity action. We find no merit to William's second assignment of error.

Attorney fees are recoverable in Nebraska only when provided for by law or allowed by custom. *Zimmerman v. FirsTier Bank*, 255 Neb. 410, 585 N.W.2d 445 (1998). Sections 43-512.04(5) and 43-1412(3) specifically provide that attorney fees and costs are allowed in paternity and child support cases brought by a child's mother, father, guardian or next friend, the county attorney, or other authorized attorney. To the extent *State ex rel. Reitz v. Ringer*, 244 Neb. 976, 510 N.W.2d 294 (1994), holds otherwise, it is overruled.

In a paternity action, attorney fees are reviewed de novo on the record to determine whether there has been an abuse of discretion by the trial judge. Absent such an abuse, the award will be affirmed. *Morrill County v. Darsaklis*, 7 Neb. App. 489, 584 N.W.2d 36 (1998); *State ex rel. Mooney v. Duer*, 1 Neb. App. 84, 487 N.W.2d 575 (1992). In the instant case, although there was much agreement between the parties, the issue of custody was contested, and the trial court, after hearing testimony from the children, awarded custody to Jerry. To this extent, the matter was protracted, and Jerry obtained a favorable result. Accordingly, we find no abuse of discretion by the trial court, and we affirm its award of $1,000 attorney fees to Jerry.

## CONCLUSION

Based upon our obligation to review questions of law independent of the lower court's determination, we reverse the order of the trial court in this paternity action denying William's demurrer to that portion of the petition seeking a division of the parties' property and debts, and we order vacated that portion of the trial court's order dividing the property and debts of the parties. The remainder of the order is affirmed. Finding no abuse of discretion, we affirm the trial court's order directing William to pay Jerry's attorney fees in the amount of $1,000.

AFFIRMED IN PART, AND IN PART
REVERSED AND VACATED.