16 Neb. App. 197
TERRY L. JESSEN, APPELLEE,
v.
DONNA J. LINE, APPELLANT.
No. A-07-076.
Court of Appeals of Nebraska.
Filed November 27, 2007.
Jeffrey L. Hansen, of Simmons Olsen Law Firm, P.C., for appellant.
James L. Zimmerman, of Zimmerman Law Firm, P.C., L.L.O., for appellee.
SIEVERS, CARLSON, and CASSEL, Judges.
SIEVERS, Judge.
Donna J. Line appeals from the decision of the district court for Scotts Bluff County that determined Terry L. Jessen was the biological father of Donna's minor child, Parker Jessen; awarded joint legal custody of Parker to both parties and awarded primary physical custody to Donna; awarded Terry reasonable visitation; and awarded Donna $1,000 per month in child support beginning January 1, 2007.
We affirm the district court's award of child support in the amount of $1,000 per month; however, we find that such award should be retroactive to January 1, 2005, and order modification of the award to that extent. We find that the trial court erred in awarding the parties joint legal custody of Parker without conducting the appropriate hearing. We therefore reverse, and remand the cause for further proceedings on this issue of legal custody.

FACTUAL BACKGROUND
Donna is the natural mother and Terry is the natural father of Parker, born on September 8, 1997. Donna and Terry were never married, but were in a relationship for 9 years beginning in June 1995. At the time of Parker's birth, Donna was living in Colorado and Terry was living in Scottsbluff, Nebraska. In 2001, Donna and Parker moved to Nebraska to live with Terry. In 2004, Donna and Terry parted ways, apparently permanently. In October 2004, Donna and Parker moved to Colorado.
Donna is a teacher in Colorado and says she earns $36,000 per year. Terry is involved in various business entities and farming, and he owns or has ownership interest in hotels, numerous duplexes and homes, and 8 to 10 farms. He also has ownership interest in numerous corporations. Terry's holdings are substantial. To put Terry's finances in perspective, he testified that his personal debt is more than $9,000,000 and that his corporate debt is more than $13,000,000, and on cross-examination, Terry agreed that his assets would exceed his debt.

PROCEDURAL BACKGROUND
On December 9, 2004, Terry filed his "Complaint to Establish Paternity and Award Custody," alleging that he is the natural father of Parker. Terry asked the district court to award him sole custody of Parker. On December 13, Donna filed a motion for an ex parte custody order granting her custody of Parker. The district court granted Donna's motion.
On December 15, 2004, Donna filed her answer and countercomplaint to establish paternity and award custody. Donna asked the district court to determine that Terry is Parker's father; grant her sole custody of Parker, subject to Terry's reasonable rights of visitation; order Terry to pay child support; and require that the parties are to meet at a midway point to exchange Parker for visitation. That same day, Donna also filed motions for temporary custody and child support.
After a hearing, the district court filed its journal entry on December 28, 2004, granting Donna temporary custody of Parker, subject to Terry's specific visitation schedule set forth in such journal entry. Temporary child support was denied due to lack of appropriate evidence.
On December 29, 2004, Donna filed another motion for temporary child support. After a hearing, the district court entered an order on February 2, 2005, directing Terry to pay Donna temporary child support of $346.76 per month, beginning January 1, 2005. A child support worksheet was attached to the district court's order.
On July 7, 2005, Donna filed a motion to compel Terry to respond to discovery, particularly in regard to information and documents concerning his businesses necessary to determine his income and/or earning capacity. In the district court's journal entry filed on August 2, the court sustained Donna's motion and directed Terry to respond to certain discovery requests. The district court directed Terry to "provide three years personal bank statements and any entities that he has an interest in."
On September 2, 2005, Donna again filed a motion to compel Terry to respond to discovery pursuant to the court's previous order. The court's journal entry filed September 19 shows that Terry was again ordered to comply with the discovery requests. Terry was ordered to "produce tax returns filed in the years 2002, 2003, 2004, and the past three years of bank statements, with copies of cancelled checks and deposit slips in the name of [Terry], plus any business entities he controls."
On December 21, 2005, Donna again filed a motion to compel Terry to respond to discovery pursuant to the court's previous orders. The court's journal entry filed January 17, 2006, shows that Terry was ordered to "respond to the request for production of documents in writing as to documents allowed in the September [19], 2005 Order by identifying their location and cooperating with [Donna] to make them available for inspection by the entity having control of the documents by January 27, 2006."
On November 29, 2006, Donna filed a motion to continue the trial, which was to begin that morning, stating that her attorney had not received any financial information from Terry. In support of such motion, Donna's attorney attached his affidavit stating that he had "attempted on several occasions to request financial information from [Terry]," but had not received such information. Counsel stated, "It is imperative that we have [Terry's] financial information in order to proceed with this case." Also on November 29, Donna filed an application for attorney fees in the amount of $8,290.75 and attached an itemized statement of such fees and expenses. Donna's motion to continue was denied, the trial court reasoning that the case had already been delayed a number of times and that there was no indication further delay would solve the problemwhich we assume was Terry's failure to provide financial disclosure concerning his various enterprisesand trial was held on November 29.
On December 11, 2006, the district court entered its order establishing paternity, child custody, visitation, and support. The district court determined that Terry is Parker's father, awarded joint legal custody of Parker to both parties and awarded primary physical custody to Donna, awarded Terry reasonable visitation as set forth in the order, and awarded Donna $1,000 per month in child support beginning January 1, 2007. Regarding the child support, the district court said:
In the court's opinion using child support guidelines in this case would be both unjust and inappropriate. If the court assumes income for Donna at the current amount and averages Terry's last three years of income, the monthly child support would be $71.46 after applying guideline R. Therefore the court deviates from guidelines and orders that Terry pay the sum of $1,000 per month for child support beginning January 1, 2007.
In explaining its reasons for deviating from the guidelines, the district court said:
 Terry has traditionally had very low income reported on his income tax returns. He has made it impossible for Donna to test whether that income is a fair figure to use for purposes of child support because 
 All of Terry's financial records were seized by a U. S. Government investigation.
 Terry has replicated some of those records by printing items from his computer (which he apparently still has) and has used those reprints in his own case, but did not furnish anything similar to Donna in discovery.
 Terry has extensive assets including motels, farms, businesses, commercial property, residential property, and has extensive involvement in family corporations. It is either inaccurate or voluntary limitation of income on Terry's part to assume that his real income is as low as what his tax returns show when one considers these extensive assets that he owns. He is well-able to contribute $1,000 per month to Parker's care.
We read the court's reasoning as addressing in a broad sense the concept of earning capacity as opposed to reported income on Terry's personal tax returns, which were not complete. For example, only the first page of his 2004 personal tax return is in evidence. After Donna's motions to alter and amend the order and for a new trial were overruled on January 4, 2007, she has timely appealed.

ASSIGNMENTS OF ERROR
Donna alleges that the district court erred in (1) awarding joint legal custody to the parties, (2) ordering child support in the amount of $1,000, (3) not making the child support amount retroactive to the date of the temporary order, (4) not awarding Donna attorney fees, and (5) not granting a continuance prior to trial.

STANDARD OF REVIEW
[1] In a filiation proceeding, questions concerning child custody determinations are reviewed on appeal de novo on the record to determine whether there has been an abuse of discretion by the trial court, whose judgment will be upheld in the absence of an abuse of discretion. In such de novo review, when the evidence is in conflict, the appellate court considers, and may give weight to, the fact that the trial court heard and observed the witnesses and accepted one version of the facts rather than another. State on behalf of Pathammavong v. Pathammavong, 268 Neb. 1, 679 N.W.2d 749 (2004).
[2] A trial court's award of child support in a paternity case will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. Henke v. Guerrero, 13 Neb. App. 337, 692 N.W.2d 762 (2005).
[3] An award of attorney fees in a paternity action is reviewed de novo on the record to determine whether there has been an abuse of discretion by the trial judge. Cross v. Perreten, 257 Neb. 776, 600 N.W.2d 780 (1999). Absent such an abuse, the award will be affirmed. Id.
[4] A motion for continuance is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. Johnson v. Ford New Holland, 254 Neb. 182, 575 N.W.2d 392 (1998).

ANALYSIS

Denial of Motion for Continuance.
On the day the trial was to begin, Donna filed a motion to continue the trial, stating that her attorney had not received any financial information from Terry. The motion was addressed at a hearing, and Donna argued that the only information she had regarding Terry's finances consisted of two personal tax returns, which, in her opinion, were not reliable. Donna argued that it was Terry's duty to provide the court with information about his income and that if his records were seized by government officials, then he should get copies of his tax returns from the government or copies of statements from his banks. Donna argued that without accurate records, the court could not determine child support.
Terry, through counsel, argued that the personal tax returns show the sources of all income and that "whether an individual owns numerous pieces of property, is involved in corporations, or whatever, really has no bearing because it's based upon what his personal income is, and he has his personal tax returns." That argument is repeated here, but we summarily reject the obviously spurious claim that financial records concerning Terry's businesses are neither discoverable nor relevant. The district court denied Donna's continuance saying:
In the Court's opinion, the problem in this case, it's two years old already. It has been delayed a number of times because [Terry's] financial records were seized pursuant to a search warrant in some federal investigation. And, the Court has made rulings before on whether he is obliged to furnish something that he does not have or doesn't have access to.
The thing that bothers me is the continuances and the postponements are without end, even with this affidavit and at the time now of trial. The Court has no hint of what time will do to solve the problem or how much time is needed to solve the problem. So it looks to me like it has been a case that has had interminable delays, and that that will continue into the unknown future. And, the case has to be tried at sometime, and now is a good of time as any. There is no indication of delay of another month, or six months, or a year would do any good because we have been in this spot, essentially, stuck on the case for over a year already. So the motion to continue the trial is overruled, and we'll go ahead and proceed with the trial.
The trial commenced immediately upon the court's denial of Donna's motion to continue.
As noted in the procedural background section of this opinion, Donna filed three different motions to compel Terry to produce financial information for entities he has an interest in and each time Donna's motion was granted by the district court. By the time of trial on November 29, 2006, it had been more than 15 months since Terry was first ordered to provide Donna with his business finance records. Despite the orders by the district court, Terry failed to comply with Donna's discovery requests. Terry's conduct in this regard cannot be condoned, but we note that Donna failed to invoke the "persuasive powers" of the court to enforce the discovery ordersfor example, by initiating contempt proceedings under Neb. Rev. Stat. § 42-370 (Reissue 2004). See, also, Jessen v. Jessen, 5 Neb. App. 914, 567 N.W.2d 612 (1997).
The district court, clearly tired of the case dragging on for so long, decided to proceed with the trial without Terry's business finance records. While we are not completely comfortable with the trial court's ruling, because it allows Terry to flout the trial court's orders and forces Donna into a trial without the financial information she sought and was entitled to, after review of the record and considering the result reached, we cannot say the denial of the continuance was an abuse of discretion. We reach this conclusion for three reasons: first, Donna's failure to timely invoke the trial court's powers to enforce the discovery which had been ordered; second, the trial court's deviation from the child support guidelines, awarding Donna substantial child support at a level that she may not have received even had she gained access to the financial records of Terry's various entities, which records he was clearly intent on hiding; and third, the fact that child support is not final, meaning that Donna is not precluded from another effort to increase the support.
In reaching our decision to uphold the denial of the continuance, we find it significant that by our calculation, to produce a monthly child support obligation for one child under the guidelines, given Donna's monthly income of $3,000, the trial court would have to attribute $8,500 monthly income to Terryor an income of $102,000 per year. In short, while Donna's argument that she should have had the continuance is rather persuasive, given Terry's conduct, we recall that this is an equitable proceeding and we cannot say that the overall result was inequitable. Moreover, we understand and empathize with the trial court's rationale in denying the continuance requested on the morning of trial. Therefore, given all of these considerations, we cannot say that the trial court abused its discretion in denying Donna's requested continuance.

Child Support.
From the above discussion, it is undoubtedly apparent that we cannot say that the trial court abused its discretion in ordering Terry to pay $1,000 per month in child support. See Henke v. Guerrero, 13 Neb. App. 337, 692 N.W.2d 762 (2005) (trial court's award of child support in paternity case will not be disturbed on appeal in absence of abuse of discretion by trial court). Our conclusion is based on a number of factors. First, while Donna complains that the award of child support should be more, she did not adduce evidence to support that claim, and while we recognize that Terry failed to produce the financial information he was ordered to produce, the record reveals that the enforcement tools available to Donna were not utilized. Second, Terry has not cross-appealeda fact which implies that if he had produced the data he was ordered to produce, such would support the amount of child support ordered by the district court.
However, we do find merit to Donna's claim that the child support order should have been made retroactive to January 1, 2005the first day of the month following the filing date of Donna's countercomplaint for increased child support. Prior to the trial court's final order of December 11, 2006, setting child support of $1,000 per month effective January 1, 2007, the court had entered a temporary order for child support of $346.76 per month beginning January 1, 2005. But, the earlier support order was merely an interlocutory order from which no appeal could be taken, because final resolution of custody and support had not yet been made. See Dawes v. Wittrock Sandblasting & Painting, 266 Neb. 526, 667 N.W.2d 167 (2003) (when multiple issues are presented to trial court for simultaneous disposition in same proceeding and court decides some of those issues, while reserving some issue or issues for later determination, court's determination of less than all those issues is interlocutory order and is not final order for purpose of appeal), disapproved on other grounds, Kimminau v. Uribe Refuse Serv., 270 Neb. 682, 707 N.W.2d 229 (2005). The fact that the initial child support order was interlocutory militates in favor of making the final order retroactive, particularly as here, when the delay between the interlocutory order and the final order was in large part traceable to the difficulty encountered in getting financial records and information from Terry. While we acknowledge that the instant case is not a modification of a previous final support order, the principles of, and reasons for, retroactivity in such proceedings are clearly analogous, and therefore applicable in the present case. See Riggs v. Riggs, 261 Neb. 344, 622 N.W.2d 861 (2001) (absent equities to contrary, rule should generally be that modification of child support order should be applied retroactively to first day of month following filing date of application for modification). Clearly, the record reveals no equities in Terry's favor which would prevent retroactive application of the final child support award to the first day of the month following Donna's request. Consequently, we modify the trial court's order to make the child support order of $1,000 per month retroactive to January 1, 2005, with Terry to receive credit for payments made under the temporary order.

Joint Legal Custody.
[5] Donna argues that the district court erred in awarding joint legal custody to the parties. Neb. Rev. Stat. § 42-364(5) (Cum. Supp. 2006) states:
After a hearing in open court, the court may place the custody of a minor child with both parents on a shared or joint custody basis when both parents agree to such an arrangement. In that event, each parent shall have equal rights to make decisions in the best interests of the minor child in his or her custody. The court may place a minor child in joint custody after conducting a hearing in open court and specifically finding that joint custody is in the best interests of the minor child regardless of any parental agreement or consent.
We have held that § 42-364(5) applies to joint legal custody determinations. See Kay v. Ludwig, 12 Neb. App. 868, 686 N.W.2d 619 (2004).
[6,7] The Nebraska Supreme Court recently held in Zahl v. Zahl, 273 Neb. 1043, 736 N.W.2d 365 (2007), that fundamental fairness requires that when a trial court determines at a general custody hearing that joint physical custody is, or may be, in a child's best interests, but neither party has requested this custody arrangement, the court must give the parties an opportunity to present evidence on the issue before imposing joint custody. While Zahl was decided in the context of a joint physical custody order, the same considerations of noticethe opportunity to be heard and present evidence on the issueare equally applicable when the trial court is considering making an award of joint legal custody. In the instant case, by ordering joint legal custody, which neither party requested, the trial court made a finding that the parties are capable of communicating and working together effectively without harmful rancor affecting Parker as they make major decisions for him, for example, schooling and religious training. For these reasons, we find that the holding in Zahl, supra, extends to joint legal custody, and therefore requires that the court must give the parties an opportunity to present evidence on the issue of joint legal custody before imposing such.
However, we note that Terry does not cross-appeal the trial court's award of physical custody to Donna, and the record reflects that she is the appropriate custodial parent. Thus, we affirm such award, and our remand goes only to whether granting joint legal custody is in the best interests of Parker or whether Donna should have legal custody as well.

Attorney Fees.
Donna argues that the district court erred in not awarding her attorney fees. In denying Donna's request for attorney fees, the district court reasoned:
[B]oth parties are self-sufficient adults, [both] of them have their own separate families, the case only involved less than a one-day trial, extensive discovery was not conducted because there were no financial records available to discover, and Donna did not request attorney fees in her answer or counterclaim.
Donna's counsel testified that his fee is $150 per hour and that such fee is fair and reasonable. Counsel testified that this case was complex due to the lack of financial information provided by Terry and that thus, the attorney fees incurred by Donna total $8,290.75, which includes 3 hours for trial. Donna's counsel conceded that his bill does not set out the time spent on individual items of service. And, on crossexamination, he admitted that there might be a mistake on the bill, because the bill shows two motions to compel in a 4-day period and he probably would not have drafted two motions in a 4-day span. Counsel also said that a paralegal may have been involved, although the billing statement does not show paralegal charges.
While the billing statement was received into evidence, it has the above-noted shortcomings. Moreover, each page of the statement shows work done on several different days, with the total amount charged listed at the bottom of the pagewithout specifying which portion of the charges went for what work. For example, we reproduce a portion of the billing statement as follows:

 PREVIOUS BALANCE $690.00
 FEES
 10/03/2006 JLH Prepared letter to Donna with
 copy of Order to Show Cause
 10/11/2006 JLH Call with Donna.
 10/12/2006 JLH Reviewed e-mail from Donna.
 JLH Prepared e-mail to Donna.
 10/13/2006 JLH Prepared Affidavit. Attended
 hearing to keep case alive.
 10/17/2006 JLH Prepared letter to Donna with
 copy of Order; Reviewed Order
 FOR CURRENT SERVICES RENDERED 240.00
 PAYMENTS
 10/18/2006 PAYMENT  THANK YOU -700.00
 BALANCE DUE $230.00
 =======

Without an accurate accounting of time spent on the various aspects of the services recorded, the trial judge could not have known whether the attorney fees were reasonable, especially in light of counsel's admission to mistakes in the bill, as well as the fact that counsel did not have to deal with financial records from Terry's various business entities, given that such were not produced. Thus, for a number of reasons, we cannot say after our de novo review of the record that the district court abused its discretion in failing to award Donna attorney fees. See Morrill County v. Darsaklis, 7 Neb. App. 489, 584 N.W.2d 36 (1998) (in paternity action, attorney fees are reviewed de novo on record to determine whether there has been abuse of discretion by trial judge; absent such abuse, award will be affirmed).

CONCLUSION
For the reasons stated above, we find that the district court did not abuse its discretion in denying Donna's motion to continue. We further find that the district court's order that Terry pay $1,000 per month in child support was not an abuse of discretion. However, we find that the child support order should be retroactive to January 1, 2005, and we modify the district court's order accordingly.
We find that the district court abused its discretion in awarding the parties joint legal custody of Parker without having the appropriate hearing as required by § 42-364(5) and Zahl v. Zahl, 273 Neb. 1043, 736 N.W.2d 365 (2007). We therefore reverse, and remand the cause for further proceedings on this issue, consistent with our opinion.
Finally, we find that the district court did not abuse its discretion in failing to award Donna attorney fees. We affirm this portion of the district court's order.
AFFIRMED IN PART AS MODIFIED, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.