IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

RASMUSSEN V. ROLLINS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ANDREW M. RASMUSSEN, APPELLEE,

V.

TRACY M. ROLLINS, APPELLANT.

Filed August 23, 2022.    No. A-21-763.

Appeal from the District Court for Douglas County: SHELLY R. STRATMAN, Judge. Affirmed.

Jeffrey A. Wagner and Joshua W. Pazderka, of Wagner, Meehan & Watson, L.L.P., for appellant.

Joan Watke, of Watke, Polk & Sena, L.L.O., for appellee.

MOORE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Tracy M. Rollins appeals from the Douglas County District Court's order overruling her motion to vacate the stipulated decree of paternity and custody of the parties' minor child and granting Andrew M. Rasmussen's motion for attorney fees. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

In January 2020, Rasmussen filed a complaint for paternity, custody, parenting time, and child support for the parties' minor child, Artemis Nova Rasmussen, born in 2017. In her answer and counterclaim, Rollins requested the court dismiss Rasmussen's complaint and award her sole legal and physical custody of Artemis.

Following a temporary hearing, the district court awarded the parties temporary joint legal custody and awarded Rollins temporary physical custody subject to Rasmussen's parenting time schedule. Both parties filed motions for further temporary orders. In one such motion, Rollins requested supervised parenting time with Rasmussen following concerns related to Rasmussen's inability to co-parent and provide care to the minor child. In another motion, Rasmussen requested temporary custody of Artemis subject to Rollins' parenting time based upon assertions that Rollins had made false reports to police and child protective services, sought unnecessary medical care for Artemis, and that Rollins intentionally left Artemis in a dirty diaper which caused a rash. The court awarded Rasmussen temporary legal custody and awarded the parties joint physical custody. In the order, the court indicated that decisions to have Artemis seen by a physician were required to be approved by Rasmussen.

Although trial commenced in June 2021, the parties reached a negotiated agreement. On June 30, the court entered a paternity decree based on the parties' agreement awarding Rasmussen sole legal and physical custody of Artemis subject to Rollins' parenting time.

On July 9, 2021, Rollins filed a motion to reopen evidence, for a new trial, and to set aside or vacate the decree of paternity pursuant to Neb. Rev. Stat. § 25-2001 (Reissue 2016). During the hearing on this motion, Rollins offered a number of affidavits in support of her motion, none of which were received into evidence by the court. During oral argument in connection with her motion, Rollins alleged that she did not receive a fair trial, that the paternity decree contained inconsistencies, that she felt pressured to sign the stipulated agreement, that the guardian ad litem's testimony was biased, and that she was prejudiced by abuse of discovery when the guardian at litem was called at trial after being called to testify in a prior proceeding. Following the hearing, the court denied Rollins' motion and, pursuant to Rasmussen's request, awarded Rasmussen $4,290 in attorney fees incurred in defending against Rollins' motion. Rollins has timely appealed.

## ASSIGNMENTS OF ERROR

Rollins assigns as error that the district court (1) abused its discretion in denying her motion to vacate the decree of paternity and custody and (2) erred in awarding Rasmussen attorney fees.

## STANDARD OF REVIEW

An appellate court reviews a ruling on a motion to vacate for abuse of discretion. *Ginger Cove Common Area Co. v. Wiekhorst*, 296 Neb. 416, 893 N.W.2d 467 (2017).

The award of attorney fees is discretionary with the trial court, is reviewed de novo on the record, and will be affirmed in the absence of an abuse of discretion. *Gangwish v. Gangwish*, 267 Neb. 901, 678 N.W.2d 503 (2004).

## ANALYSIS

### MOTION TO VACATE

Rollins first argues that the district court abused its discretion in denying her motion to vacate or grant a new trial on the paternity and custody decree. More specifically, she asserts:

The Court failed to make any findings regarding the conscionability of the stipulated agreement or whether the agreement was in the best interests of the minor child and erred in making no findings with regard to [Rollins'] affidavit submitted in support of her Motion

to Set Aside/Vacate. As such the Court abused its discretion and the case should be reversed and [Rollins'] Motion granted.

Brief for appellant at 4.

Ordinarily, to be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *In re Interest of B.B. et al.*, 29 Neb. App. 1, 951 N.W.2d 526 (2020). In this case, Rollins generally assigns that the court erred in denying her motion to vacate or grant a new trial. In support of her motion, Rollins offered multiple affidavits for which she generally argued that she did not receive a "fair shot at trial," there were inconsistencies in the decree, and that she felt "pressured" to agree to the stipulated decree. In denying her motion to vacate or grant a new trial, the court sustained Rasmussen's objections to the affidavits finding that the affidavits were not timely served at least 48 hours prior to the hearing, that the evidence within the affidavits contained inadmissible hearsay, and that the testimony was not newly discovered evidence. Rollins did not assign error to the court's rulings governing her offered affidavits. As such, Rollins has failed to properly preserve any error related to the admissibility of the affidavits. Without any evidence in support of her claim that the court erred in denying her motion to vacate or grant a new trial on the prior judgment entered by consent of the parties, we are left with determining whether the court erred in denying her motion without any evidence submitted which might support such a claim.

In *Mahlendorf v. Mahlendorf,* 308 Neb. 202, 206–08, 952 N.W.2d 923, 926-27 (2021), the Nebraska Supreme Court recently explained:

A consent judgment constitutes the agreement of the parties, made a matter of record by the court at their request. A consent judgment is not, "'strictly speaking, the act of a court, but rather the act of the parties to the suit.'" We have explained: "'The fact that a judgment is rendered by consent gives it neither less nor greater force or effect than it would have had had it been rendered after protracted litigation, except to the extent that the consent excuses error and operates to end all controversy between the parties. In this connection, it has been declared that a judgment by consent estops the parties from denying the facts it purports to establish. . . .'"

. . . .

Given the nature of consent judgments, most courts, including Nebraska, follow the generally accepted rule that, ordinarily, a consent judgment is not subject to appellate review. This should not be understood as a jurisdictional limitation, but, rather, as a rule limiting the scope of appellate review to those matters actually submitted to and determined by the court.

Rollins cited two different bases for relief in her motion: a request for a new trial under Neb. Rev. Stat. § 25-1142 (Reissue 2016) and a request to vacate under § 25-2001. Section 25-1142 provides:

A new trial is a reexamination in the same court of an issue of fact after a verdict by a jury, report of a referee, or a trial and decision by the court. The former verdict, report, or decision shall be vacated and a new trial granted on the application of the party aggrieved for any of the following causes affecting materially the substantial rights of such party:

(1) Irregularity in the proceedings of the court, jury, referee, or prevailing party or any order of the court or referee or abuse of discretion by which the party was prevented from having a fair trial; (2) misconduct of the jury or prevailing party; (3) accident or surprise, which ordinary prudence could not have guarded against; (4) excessive damages, appearing to have been given under the influence of passion or prejudice; (5) error in the assessment of the amount of recovery, whether too large or too small, if the action is upon a contract or for the injury or detention of property; (6) that the verdict, report, or decision is not sustained by sufficient evidence or is contrary to law; (7) newly discovered evidence, material for the party applying, which the moving party could not, with reasonable diligence, have discovered and produced at the trial; and (8) error of law occurring at the trial and excepted to by the party making the application.

Section 25-2001 provides:

(1) The inherent power of a district court to vacate or modify its judgments or orders during term may also be exercised after the end of the term, upon the same grounds, upon a motion filed within six months after the entry of the judgment or order.

(2) The power of a district court under its equity jurisdiction to set aside a judgment or an order as an equitable remedy is not limited by this section.

(3) Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court by an order nunc pro tunc at any time on the court's initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the case is submitted for decision in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(4) A district court may vacate or modify its own judgments or orders after the term at which such judgments or orders were made (a) for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order; (b) for fraud practiced by the successful party in obtaining the judgment or order; (c) for newly discovered material evidence which could neither have been discovered with reasonable diligence before trial nor have been discovered with reasonable diligence in time to move for a new trial; (d) for erroneous proceedings against an infant or person of unsound mind if the condition of such defendant does not appear in the record of the proceedings; (e) for the death of one of the parties before the judgment in the action; (f) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending; and (g) for taking judgments upon warrants of attorney for more than was due to the plaintiff when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.

Because the motion was filed within the term of the court, "in civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgment at any time during the term in which the court issued it." *Fitzgerald v. Fitzgerald*, 286 Neb. 96, 98, 835 N.W.2d 44, 46 (2013).

Here, the parties entered into a written agreement as to the care and custody of their minor child. Since the parties agreed to a stipulated decree and Rollins provided no evidence which would justify a basis for the court to grant a new trial or vacate its prior order, we find no abuse of

discretion on this record by the court in overruling Rollins' motion to vacate. We further note that, to the extent that Rollins contends that the district court failed to make findings that the custody agreement was in the minor child's best interests pursuant to *Citta v. Facka*, 19 Neb. App. 736, 812 N.W.2d 917 (2012), paragraph five of the court's order specifically found:

> That [Rasmussen] is the fit and proper person to be awarded custody of the parties' minor child. That in the best interests of the minor child affected by these proceedings, [Rasmussen] should be and is hereby awarded sole legal and physical custody of the minor child . . . subject to reasonable parenting time of [Rollins] as set forth in the Parenting Plan, which is attached hereto, marked as Exhibit "A", and by reference made a part hereof.

Again, with no new evidence received by the court to provide a basis for reconsideration of that finding, we find the determination in the stipulated decree is sufficient to support the court's conclusion that its custody determination was in the minor child's best interests. This assignment fails.

ATTORNEY FEES

Rollins' second assigned error is that the district court erred in awarding Rasmussen attorney fees.

In *Coleman v. Kahler*, 17 Neb. App. 518, 531-32, 766 N.W.2d 142, 152 (2009), we stated:

> As a general rule, attorney fees and expenses may be recovered in a civil action only where provided for by statute or when a recognized and accepted uniform course of procedure has been to allow recovery of attorney fees. *Young v. Midwest Fam. Mut. Ins. Co.,* 276 Neb. 206, 753 N.W.2d 778 (2008). Attorney fees and costs are statutorily allowed in paternity and child support cases. See, Neb. Rev. Stat. § 43-1412(3) (Reissue 2008); *Cross v. Perreten*, 257 Neb. 776, 600 N.W.2d 780 (1999). Further, under the Uniform Child Custody Jurisdiction and Enforcement Act, "[t]he court shall award the prevailing party . . . attorney's fees . . . unless the party from whom fees or expenses are sought establishes that the award would be clearly inappropriate." Neb. Rev. Stat. § 43-1259(a) (Reissue 2008).

> Customarily, attorney fees and costs are awarded only to the prevailing party or assessed against those who file frivolous suits. See *Noonan v. Noonan*, 261 Neb. 552, 624 N.W.2d 314 (2001). . . . The award of attorney fees depends on multiple factors that include the nature of the case, the services performed and results obtained, the earning capacity of the parties, the length of time required for preparation and presentation of the case, customary charges of the bar, and the general equities of the case. *Finney v. Finney*, 273 Neb. 436, 730 N.W.2d 351 (2007).

When an attorney fee is authorized, the amount of the fee is addressed to the discretion of the trial court, whose ruling will not be disturbed on appeal in the absence of an abuse of discretion. *Id.*

Here, the district court ordered Rollins to pay $4,290 for Rasmussen's attorney fees incurred in successfully defending against Rollins' motion to reopen evidence, for a new trial, or to vacate the paternity and custody decree that was entered into by consent of the parties only

2 weeks prior. Under our de novo review of the record, based on Rollins' filing her motion to vacate or grant a new trial two weeks after the consent decree was entered, without supplying admissible evidence to support her claims, and Rasmussen having been the prevailing party on the motion, we find that the court did not abuse its discretion in assessing attorney fees against Rollins or in the amount of attorney fees awarded.

CONCLUSION

Having considered and rejected Rollins' assigned errors, the order of the district court is affirmed.

AFFIRMED.